Raymond O. BUCHHOLZ, et al., Appellants,

v.

CAPP HOMES, INC., et al., Respondents.

No. 81-1363.

Supreme Court of Minnesota.

July 16, 1982.

Wasserman, Silberman & Baill and Jeffrey M. Baill, Minneapolis, for appellants.

Steven B. Liefschultz, Bloomington, Robins, Zelle, Larson & Kaplan, Ernest I. Reveal, III, and William O'Brien, St. Paul, for respondents.

SCOTT, Justice.

This is an appeal from an order of the Hennepin County District Court granting, in part, respondents' motion for judgment on the pleadings by dismissing appellants' claims against respondents for wrongful termination of employment due to age in violation of the Minnesota Human Rights Act, Minn.Stat. § 363.01, subd. 1.

Appellant Buchholz was discharged from his employment on November 5, 1978, and appellant Nelson was discharged from his employment on July 1, 1979. This action was commenced in the Hennepin County District Court on June 26, 1981. Neither party has at any time filed charges with the Minnesota Department of Human Rights. The respondents denied liability by stating, inter alia: that the district court lacked jurisdiction over the subject matter of appellants' complaint; that appellants' claims were barred by the applicable statute of limitations; and that appellants' causes of

action were barred as a result of appellants' failure to exhaust administrative remedies as required by law. In dismissing, the trial court concluded that the legislature had established a six-month statute of limitations in Minn.Stat. § 363.06, subd. 3, for actions arising under the Minnesota Human Rights Act. The order of the court below provided further that the respondents' motion for judgment on the pleadings be denied with respect to the appellants' claims based upon breach of contract and fraudulent misrepresentation.[1] Therefore, the appellants retained these issues for further litigation before the trial court.

The appellants frame the legal issue as follows: "Does Minn.Stat. § 363.06, subd. 3, require that a claim of an unfair discriminatory practice under the Minnesota Human Rights Act which is being brought as a civil action be brought within six months after the occurrence of the discriminatory practice?"

At the time these employees were discharged, Minn.Stat. § 363.06, subd. 3 (1980), provided as follows:

Subd. 3. *Time for filing charge.* A charge of an unfair discriminatory practice must be filed within six months after the occurrence of the practice.

The subdivision was amended in 1981. It now reads:

Subd. 3. *Time for filing claim.* A claim of an unfair discriminatory practice must be brought as a civil action pursuant to section 363.14, subdivision 1, clause (a), or filed in a charge with the commissioner within six months after the occurrence of the practice.

Act of May 29, 1981, ch. 330, 1981 Minn. Laws 1508, 1509.

We held, in *Richardson v. School Board of I.S.D. No. 271,* 297 Minn. 91, 210 N.W.2d 911 (1973), that the date of the discharge commenced the running of the statutory period of limitations. We adhere to that decision, and find it dispositive.

The appellants base this appeal on the argument that the 1981 amendment

---

1. Although this is a piecemeal appeal and not condoned under Minn.R.Civ.P. 54.02, we here-by grant discretionary review as provided for by Minn.R.Civ.App.P. 105.

should be retroactive. They do this for two reasons. First, the law at the time the appellants were discharged provided that parties seeking redress for unfair discriminatory practices were required to file a complaint with the Department of Human Rights within 6 months of the alleged discriminatory action as a prerequisite to any future district court action. No such filing was accomplished in these cases. Second, the appellants interpret the 1981 amendment to assign a six-month time limit only to charges filed with the commissioner, and not to any civil action brought under this chapter. They thereby attempt to escape both of these procedural defects.

The logical answer to this reasoning is to observe that upon close scrutiny the six-month statute of limitations is still in effect and any contention that the legislature intended to remove the six-month limit is an extremely strained interpretation of the 1981 amendment. However, since this amendment does not apply to the pre-May 30, 1981, terminations, as clearly demonstrated by the respondents under Minn.Stat. §§ 645.21 and 645.31, subd. 1 (1980), and the case law progeny, it is not necessary to discuss this point further. The six-month limitation has run in any event.

Affirmed and remanded for trial on the remaining issues.