**Hugh HODGES, Plaintiff–Appellant,**

**v.**

**NORTHWEST AIRLINES, INC., a corporation; Defendant– Appellee.**

**Airline Pilots Association, International, Defendant.**

**No. 92–1124.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided April 7, 1993.

Gary A. Weissman, Minneapolis, MN, argued, for plaintiff-appellant.

Lauren Lonegran, Minneapolis, MN, argued, for defendant-appellee.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Hugh Hodges appeals from a final order entered in the United States District Court for the District of Minnesota[1] granting summary judgment in favor of Northwest Airlines, Inc. (NWA), and the Air Lines Pilots Association (ALPA) and dismissing his claim of employment discrimination on the basis of race under the Minnesota Human Rights Act (MHRA), Minn.Stat.

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota.

§ 363.06 (1980). The district court found that Hodges failed to file an administrative charge within six months of the alleged discriminatory incident—a jurisdictional prerequisite to filing his charge required by Minn.Stat. § 363.06(3) (1980). *Hodges v. Northwest Airlines, Inc.*, No. 3–90 CIV 608, slip op. at 1 (D.Minn. Dec. 9, 1991) (*Hodges*). For reversal, Hodges argues the district court erred in (1) failing to apply Title VII's statute of limitations and (2) holding that the MHRA's statute of limitations was jurisdictional. For the reasons discussed below, we affirm the judgment of the district court.

Hodges applied for employment as a pilot with NWA. NWA did not hire Hodges and informed him of its decision on February 13, 1981. On September 16, 1981, over seven months later, Hodges filed an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC) in Los Angeles; however, he did not sign his charge under oath until November 17, 1981, more than nine months after the failure to hire. On November 24, 1981, the EEOC made a summary of Hodges' charge and transferred it to the EEOC office in Minneapolis. In January 1982, the EEOC referred the case to the Minnesota Department of Human Rights (MDHR) pursuant to the EEOC's work-sharing agreements, and informed the MDHR that this charge would be initially processed by the EEOC; however, on May 5, 1982, the EEOC dismissed Hodges' charge as not timely filed. In February 1987, the MDHR mailed Hodges a letter informing him that the EEOC had closed his case and had deferred his charge to the MDHR for filing purposes only. The MDHR had decided not to process his charge further and informed him of his right to bring a civil suit within 45 days of MDHR's dismissal.

Hodges filed his suit in state court on March 30, 1987, within the 45-day period.

In April and May 1990, Hodges and NWA filed cross-motions for summary judgment on the issue of timeliness. The state trial court delayed ruling on the motions to allow the parties to attempt to settle. On September 14, 1990, Hodges, with NWA's consent, joined ALPA as a defendant under Minn.R.Civ.P. 19. In October 1990, ALPA removed the action to federal court. In September and October 1991, Hodges, NWA, and ALPA filed cross-motions for summary judgment on the issue of timeliness. On December 9, 1991, the district court granted summary judgment in favor of NWA and ALPA and against Hodges, stating Hodges failed to meet a jurisdictional prerequisite to filing his complaint. *Hodges*, slip op. at 1. This appeal followed.

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

In February 1981, when NWA failed to hire Hodges, Minn.Stat. § 363.06(3) required plaintiffs to file a charge within six months of the alleged discriminatory incident. In the present case, Hodges had to file his charge within six months of receiving notice of the rejection of his application for employment with NWA. A timely filed charge was a jurisdictional prerequisite to bringing a lawsuit under the MHRA.[2]

---

**2.** Minn.Stat. § 363.06(3) (1980) provided "[a] charge of an unfair discriminatory practice must be filed within six months after the occurrence of the practice." This statute was amended in relevant part on May 30, 1981, to read "[a] claim of an unfair discriminatory practice must be brought as a civil action pursuant to section 363.14, subdivision 1, clause (a), or filed in a charge with the commissioner within six months after the occurrence of the practice." The effect of this amendment was interpreted as transforming the six-month period from a jurisdictional prerequisite into a statute of limitations. *Carlson v. Independent Sch. Dist. No. 623*, 392 N.W.2d 216, 221 (Minn.1986); *Buchholz v. Capp Homes, Inc.*, 321 N.W.2d 893, 894–95 (Minn.1982).

*Carlson v. Independent Sch. Dist. No. 623*, 392 N.W.2d 216, 217 (Minn.1986) (*Carlson*); *Buchholz v. Capp Homes, Inc.*, 321 N.W.2d 893, 894–95 (Minn.1982); *Minnesota Mining & Mfg. Co. v. State*, 289 N.W.2d 396, 401 (Minn.1979), *appeal dismissed*, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980). Hodges filed his charge with the EEOC on September 16, 1981, more than seven months after the alleged discriminatory incident occurred. Accordingly, the district court properly found there was no genuine issue of material fact.

 Hodges argues that the district court erred in holding that his MHRA charge was untimely filed. He argues that the timeliness of his MHRA claim should be determined by the filing deadlines under 42 U.S.C. § 2000e *et seq.* (Title VII), even though the MHRA contains an express limitations period. NWA and ALPA argue the timeliness of Hodges' MHRA claim should be governed by the MHRA, not Title VII, and that under the MHRA Hodges clearly failed to timely file the administrative charge.

The MHRA specifically delineates the time limits for filing a charge. Those time limits are not measured by Title VII deadlines, although Title VII makes accommodations to allow states the opportunity to address discrimination claims first. Hodges' charge under neither the MHRA nor Title VII was timely filed. As of September 16, 1981, Hodges had missed Minnesota's deadline and could not pursue a Title VII action because he failed to file within the 180–day filing period under Title VII. *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 1668, 100 L.Ed.2d 96 (1988).[3] Hodges claims that he timely filed a charge for purposes of the MHRA when he filled out an intake questionnaire at the EEOC Los Angeles office on September 16, 1981. However, Hodges' intake questionnaire was not taken under oath; therefore, it did not constitute a valid charge under Title VII for purposes of the statute of limitations until he signed it under oath some two months later on November 17, 1981. *EEOC v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir.1978). The EEOC dismissed Hodges' charge on May 5, 1982, stating it was received more than 300 days after the alleged violation and was not timely filed.[4]

 Hodges next argues that the district court erred in holding that the six-month filing requirement in Minn.Stat. § 363.06(3) was a jurisdictional prerequisite. He argues that it is instead a statute of limitations subject to equitable tolling and that his MHRA claim was equitably tolled. While the 1981 amendments to Minn.Stat. § 363.06 changed the six-month period from a jurisdictional prerequisite to a statute of limitations, Minn.Stat. § 363.06(3) (1981 Supp.), nothing in those amendments suggests that they were intended to be retroactive. *Carlson*, 392 N.W.2d at 221. To the contrary, Minnesota law provides a presumption against retroactive application of statutory amendments.[5] Thus, Hodges' MHRA claim is governed by Minn.Stat. § 363.06(3) (1980) under which meeting the six-month filing requirement was a jurisdictional prerequisite to bringing suit under the MHRA. *Carlson*, 392 N.W.2d at 221–22; *Minnesota Mining & Mfg. Co. v. State*, 289 N.W.2d at 401.

For the reasons discussed above, we affirm the judgment of the district court.

---

3. If Hodges had initially filed a state agency proceeding, the time limit for filing with the EEOC would have been extended to 300 days. *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 1668, 100 L.Ed.2d 96 (1988).

4. Although the EEOC's letter of dismissal indicates Hodges' claim was received more than 300 days after the alleged violation, the appropriate deadline would have been 180 days because Hodges did not file a state proceeding first.

Hodges exceeded the 180–day deadline as well. Hodges claims he never received notice of the EEOC's dismissal of his charge; however, notice of the EEOC's dismissal was included also in the MDHR's letter to Hodges dated February 11, 1987.

5. Minn.Stat. § 645.21 provides "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."