**Wanda J. MILLER, Plaintiff–Appellant,**

v.

**Marvin T. RUNYON, U.S. Postmaster, Defendant–Appellee.**

No. 93–3300.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1994.

Decided Aug. 19, 1994.

---

Perlesta Arthur Hollingsworth, Little Rock, AR, argued, for appellant.

Brian Reimer, Washington, DC, argued, (Paula J. Casey, Lesa Bridges Jackson, R. Andrew German and Brian M. Reimer, on the brief), for appellee.

Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Wanda J. Miller appeals the district court's [1] judgment in favor of the United States Postmaster General, Marvin T. Runyon, in her employment discrimination action brought pursuant to 42 U.S.C. § 2000e–16 (1988). Miller's complaint alleged that the Postal Service improperly terminated her employment on the basis of her race and sex. The district court dismissed Miller's complaint, finding that she did not timely exhaust her administrative remedies and that she was not entitled to have the administrative filing deadline equitably tolled. We affirm.

I. Background

In May 1985, the United States Postal Service hired Miller, an African–American woman, as a clerk at the Management Sectional Center in Little Rock, Arkansas, where she worked for approximately five years. The Postal Service terminated Miller's employment in 1990, claiming that she had falsified her employment application. The falsification was discovered while the Postal Inspection Service was conducting an

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

investigation into conduct unrelated to this case. As a part of that investigation, postal inspectors reviewed the official personnel folders of each employee. During this process, a postal inspector discovered that part of Miller's employment application had been altered.

The Postal Service then began to investigate the circumstances under which Miller's employment application had been altered. This investigation revealed that Miller had previously been employed by the Postal Service in Chicago, Illinois, and that she was terminated for her conduct of being absent without leave. Miller's current employment application originally indicated that Miller had not previously been a federal civilian employee. During the investigation, Miller admitted that she altered the application but contended that she did so with the consent of John Talley, the supervisor who hired her. Talley told investigators, however, that based upon the policy existing at the time Miller was hired, he would not have hired her had he known her true employment record with the Postal Service. The investigation report concluded that Miller had intentionally falsified her application in order to obtain her current employment with the Postal Service and then corrected it at a later date. After speaking to Miller about the matter, Jeff Arnette, Miller's immediate supervisor, concluded that the investigation report correctly found that Miller falsified her application. Arnette, an African–American male, decided to request Miller's termination. Miller's second-level supervisor, Harold Simmons, reviewed and approved Arnette's request for termination.

Miller sought counseling with a Postal Service Equal Employment Opportunity (EEO) counselor, and on December 12, 1990, she had her final interview. At that meeting, Miller received a written notice pursuant to 29 C.F.R. § 1613.214(a)(1)(ii), informing her of her right to file a formal complaint of discrimination in the Postal Service with the EEO office within 15 days of her final interview. Also at the final interview, the counselor specifically told Miller of her right to file a formal complaint within 15 days. Miller did not file her complaint until January 2, 1991 (the Postal Service file stamped it January 1, 1991), 20 days after receipt of notice at the final interview. The Postal Service rejected Miller's complaint as untimely and informed Miller that she had the option of appealing to the Equal Employment Opportunity Commission (EEOC) or filing a civil action.

Miller timely filed a Title VII action in federal district court, alleging race and sex discrimination in her termination. Postmaster General Runyon raised an affirmative defense claiming that Miller failed to timely exhaust her administrative remedies. The district court held a hearing to determine the timeliness of Miller's administrative complaint. Miller contended that she was entitled to have the 15–day filing period equitably tolled because her EEO counselor had led her to believe that she had a five-day filing extension.

Miller testified that she was in Chicago, Illinois, to attend a funeral on December 24, 1990. Due to bad weather, she was unable to return to Little Rock in time to file her administrative complaint within the 15–day period. On the last filing day, December 27, 1990, Miller called her EEO counselor to request "some extended time" in which to file her complaint with the Postal Service. (Trial Tr., Vol. 1 at 7.) As Miller understood the telephone conversation, the counselor advised her that, although extensions were not usually granted, Miller could have an extra five days to file the complaint. The EEO counselor understood the conversation differently. According to the EEO counselor's testimony, she advised Miller that she could not grant an extension but that Miller could complete the required form and mail it to the Postal Service. The counselor advised that if the form was postmarked on the last day to timely file her complaint, the agency would honor the postmark even if the complaint did not actually arrive until three to five days later. (Id. at 35.)

The district court found that a mutual misunderstanding occurred between Miller and the EEO counselor during the telephone conversation on December 27, 1990. The district court did not find affirmative misconduct on the part of the EEO counselor and

was "not able to rule that we had a situation that was so beyond the control of Ms. Miller that I should substitute my own judgment for the Office's." (*Id.* at 83–84.) This ruling compelled dismissal of Miller's complaint for failure to timely exhaust administrative remedies, but the court nonetheless allowed Miller the opportunity to proceed with the bench trial on the merits in the event the timeliness ruling was later ruled incorrect. After hearing the testimony on the merits of the complaint and noting that this was a very close case, the district court concluded that Miller had not carried her burden to prove intentional discrimination.

Following the bench trial, Miller moved for relief from the judgment or for a new trial on the basis of newly discovered evidence relating to her sex discrimination claim. Miller claimed to have found three male employees who, like Miller, had falsified their employment applications, but unlike Miller, had been subsequently rehired by the Postal Service. The district court overruled this motion without a hearing on the merits, relying on its dismissal of the complaint as untimely. The district court ruled that a hearing would be held on the matter if the Eighth Circuit overturned the timeliness ruling. Miller appeals.

## II. Discussion

Miller raises two issues on appeal. First, she contends that her agency complaint was timely filed based upon the doctrine of equitable tolling. Second, she contends that the district court erred in determining that she did not prove pretext and intentional discrimination. Because we affirm on the first issue, we do not reach the second.

 "All personnel actions affecting employees ... in the United States Postal Service ... shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). An aggrieved employee may file a civil action in federal district court to review a claim of employment discrimination by the Postal Service but attached to that right "are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him." *Brown v.*

*General Serv. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *see also* 42 U.S.C. § 2000e–16(c). Administrative regulations require a complainant to file a formal written complaint with the federal agency's EEO office within 15 days after the date when the notice of the right to file a complaint is received. 29 C.F.R. § 1613.-214(a)(1)(ii) (1987). The 15–day filing deadline, however, is expressly subject to equitable tolling:

> The agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (filing a timely charge of discrimination is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). "Equitable tolling arises upon some positive misconduct by the party against whom it is asserted," *DeBrunner v. Midway Equip. Co.,* 803 F.2d 950, 952 (8th Cir.1986) (construing ADEA's 180–day filing deadline), or a misrepresentation as to the filing deadline, *see Hrzenak v. White–Westinghouse Appliance Co.,* 682 F.2d 714, 718 (8th Cir.1982) (construing the ADEA's filing deadline). *See also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–458, 112 L.Ed.2d 435 (1990) (holding that equitable tolling applies equally to suits against the government). Equitable tolling is precluded once it is shown that the employee was generally aware of her rights. *Hamilton v. West,* 30 F.3d 992, 994 (8th Cir.1994); *DeBrunner,* 803 F.2d at 952.

 Here, the district court found that Miller's agency complaint was not timely filed, that the Postal Service engaged in no misconduct causing Miller to miss the filing deadline, and that the situation was not so beyond Miller's control that equity required tolling of the filing deadline. Miller contends

that the district court's findings and conclusions of law are erroneous. She argues that she is entitled to equitable tolling of the 15–day deadline because the EEO counselor misled her into believing that she had a five-day extension in which to file her complaint. We review the factual issues underlying a claim for equitable tolling under the clearly erroneous standard. *See Hrzenak,* 682 F.2d at 718.

We have carefully reviewed the record in this case, and we agree with the district court's characterization of the purported five-day extension as a mutual misunderstanding, not an act of affirmative misconduct intended to cause Miller to delay filing her charge. The record indicates that Miller had actual knowledge of the requirement that she file a formal complaint within 15 days of her final interview. Miller received not only written notice of the deadline but also oral notice from her counselor, both accurately relaying the 15–day deadline. Miller called the EEO counselor requesting an extension on the last possible day to file, also indicating that she was aware of the filing deadline. The district court found the counselor's testimony to be credible. The counselor did not mislead Miller but accurately indicated that if Miller postmarked the complaint on that day, the Postal Service would honor the postmark and deem the complaint timely. This case involves a mere misunderstanding on the part of a complainant who received accurate information. There was no misconduct on the part of the Postal Service. Furthermore, we agree with the district court's finding that the circumstances were not so beyond Miller's control that the court should equitably toll the agency filing deadline. The district court's findings of fact are not clearly erroneous and do not require equitable tolling of the 15–day filing deadline.

Relying on *Warren v. Dep't of Army,* 867 F.2d 1156 (8th Cir.1989), and *Martinez v. Orr,* 738 F.2d 1107 (10th Cir.1984), Miller contends that she is entitled to equitable tolling without showing *intentional* misconduct on the part of the Postal Service. Both cases, however, involve situations where the employer issued an incorrect or misleading written notice of the time or manner in which

to file a claim. *See Warren,* 867 F.2d at 1159–61; *Martinez,* 738 F.2d at 1111–12. Neither *Warren* nor *Martinez* compel equitable tolling in this case because the Postal Service gave Miller actual and accurate notice of the time and manner in which she should file a formal complaint, and her failure to do so was no fault of the Postal Service.

### III. Conclusion

Miller's administrative complaint was not filed within 15 days of when she received notice of her right to file a formal complaint. The district court's finding that Miller's late filing resulted from a mutual misunderstanding, not misconduct or circumstances beyond Miller's control, is not clearly erroneous. Therefore, Miller was not entitled to equitable tolling, and the district court properly dismissed her complaint for failure to timely exhaust administrative remedies. Having so concluded, we need not and do not reach the merits of Miller's discrimination claim. Accordingly, we affirm the judgment of the district court.