67 F.3d 303
 7 NDLR P 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert Lee CARTER, Sr., Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General, Appellee.
 No. 95-2035.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 14, 1995.
Filed: Sept. 27, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Lee Carter, Sr., appeals from the district court's[1] order, granting United States Postmaster General Marvin T. Runyon summary judgment and dismissing this action for Carter's failure to exhaust his administrative remedies. We affirm.
 
 
 2
 Carter alleged that he was discriminated against on the basis of his sex, race, and handicap, when the United States Postal Service (USPS) refused to accommodate his disability by offering him a job in which he could sit for four out of eight hours. Carter also alleged that he was terminated in June 1991 for being absent without official leave while he participated in a vocational rehabilitation program.
 
 
 3
 Defendant moved to dismiss or for summary judgment, arguing that Carter failed to timely exhaust his administrative remedies prior to filing the lawsuit because he did not contact an Equal Employment Opportunity (EEO) counselor within thirty days of his termination, as required under 29 C.F.R. Sec. 1613.214(a)(1)(i).
 
 
 4
 The district court found that Carter had first contacted an EEO counselor with respect to his termination in December 1991, seven months after he was notified of his proposed termination. Thus, under 29 C.F.R. Sec. 1613.214(a)(1)(i), Carter did not timely pursue his administrative remedies. In addition, the court held that Carter did not meet the standards for tolling the deadline under 29 C.F.R. Sec. 1613.214(a)(4). The court also concluded that Carter's failure to file an EEO complaint with respect to the USPS's failure to accommodate his disability barred any recovery in federal court on that claim. Accordingly, the district court granted judgment to defendant.
 
 
 5
 On appeal Carter argues that because he was placed on administrative leave and received wages pending a decision in his union arbitration, he was not officially terminated until that decision was rendered in December 1991, and thus his December request for EEO counseling was timely.
 
 
 6
 An aggrieved federal employee may file an action in federal district court to review a claim of alleged discrimination, but only after the employee has pursued the claim administratively. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976) (Title VII); Morgan v. United States Postal Serv., 798 F.2d 1162, 1165 (8th Cir.1986) (per curiam) (Rehabilitation Act), cert. denied, 480 U.S. 948 (1987); 29 C.F.R. Sec. 1613.211 (agency complaint process same for handicap and race discrimination). A complaint may be brought to the agency for processing only if the complainant contacted an EEO counselor "within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action." 29 C.F.R. Sec. 1613.214(a)(1)(i). The regulations expressly provide that this thirty-day time limit is subject to equitable tolling. 29 C.F.R. Sec. 1613.214(a)(4).
 
 
 7
 Carter's argument that his December 1991 request for counseling was not late is without merit. Carter does not deny that he received notices in May 1991 of his proposed removal from service and his June 14 termination date. Nowhere do the regulations provide that the deadline for contacting an EEO counselor relates to cessation of employee benefits or a union appeal. Carter's suggestion that he was lulled into inaction by his receipt of wages while on administrative leave is insufficient justification to warrant equitable tolling. Carter did not assert that any agency official affirmatively misled him or misrepresented the filing deadline. See Miller v. Runyon, 32 F.3d 386, 389-90 (8th Cir.1994). The district court's findings as to equitable tolling are not clearly erroneous. See id.
 
 
 8
 Finally, as for Carter's discrimination claim relating to the USPS's failure to accommodate his disability, there is no evidence in the record that Carter filed a written complaint with the EEO office. Thus, he did not exhaust his administrative remedies with respect to that claim. See id. at 389; Morgan, 798 F.2d at 1165; 29 C.F.R. Sec. 1613.214(a)(1)(ii).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri