920 F.Supp. 124 (1996)
Janet Marie HILL, Plaintiff,
v.
ST. LOUIS UNIVERSITY, et. al., Defendants.
No. 4:95CV517SNL.
United States District Court, E.D. Missouri, Eastern Division.
March 19, 1996.
Kevin A. Nelson, Nelson and Wolff, L.L.C., St. Louis, MO, for Janet Marie Hill.
Teri B. Goldman, Associate, Robert J. Tomaso, Peter H. Ruger, Peper and Martin, St. Louis, MO, for St. Louis University.
Peter H. Ruger, Peper and Martin, St. Louis, MO, for Patrick N. Freesh, John W. Anderson.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court on the *125 defendants'[1] motion for summary judgment as to Counts II, IV, and VI of the plaintiff's amended complaint (# 36), filed September 6, 1995. Extensive responsive pleadings have been filed through February, 1996. The matter is now ripe for disposition.
Counts II, IV, and VI of the amended complaint all seek relief pursuant to the Missouri Human Rights Act (MHRA), § 213.010 et seq. Defendant SLU contends that these claims are time-barred because the plaintiff failed to file her charge with the Missouri Commission on Human Rights (MCHR) within the statutory 180-day period. Plaintiff counters that her claims are not time-barred for two reasons: 1) she completed an Intake Questionaire with the EEOC within the 180-day timeperiod; and 2) the doctrine of equitable tolling should apply because the EEOC led her to believe that filing her complaint on June 9, 1994 would be timely. For the reasons discussed below, the motion for summary judgment will be granted.
Section 213.075 R.S.Mo. provides that a verified complaint, in writing, must be filed with the MCHR within 180 days of the alleged discriminatory act. Roberts v. Panhandle Eastern Pipeline Co., 763 F.Supp. 1043, 1048 (W.D.Mo.1991); Daffron v. McDonnell Douglas Corp., 874 S.W.2d. 482, 484 (Mo.App.1994); Southwestern Bell Telephone Co. v. Comm'n on Human Rights, 863 S.W.2d. 682, 684 (Mo.App.1993); State ex rel. St. Louis County v. Missouri Commission on Human Rights, 693 S.W.2d 173, 174 (Mo. App.1985). The MCHR lacks jurisdiction to conduct any proceedings on a complaint not filed within this 180-day period. Roberts, at 1048; Daffron, at 484; Southwestern Bell, at 684; St. Louis County v. MCHR, at 174; see also, Scott County Reorganized R-6 School District v. MCHR, 872 S.W.2d. 892, 893-94 (Mo.App.1994). In fact, permanent writs of prohibition have been issued by the Missouri courts in cases where the Commission attempted to conduct proceedings on a complaint filed outside of the statutory 180-day period. Southwestern Bell, supra.; St. Louis County v. MCHR, supra. Since Missouri is a deferral state and a work-sharing agreement exists between the EEOC and MCHR, a complaint filed with the EEOC is considered filed with the MCHR on the same date. § 213.075(2).
On December 1, 1993 plaintiff was allegedly informed by Anderson that she could either resign or be terminated. Plaintiff submitted a letter of resignation on December 3, 1993. On May 16, 1994 plaintiff completed an Intake Questionaire with the EEOC. On June 9, 1994 she formally filed a verified complaint with the EEOC charging St. Louis University with age and sex discrimination.
Plaintiff contends that the 180-day filing period is not jurisdictional and is subject to equitable tolling. She equates the filing deadline for a MHRA claim with the filing deadlines set forth under Title VII and the ADEA; i.e. since the timely filing of a Title VII or ADEA charge with the EEOC is not jurisdictional and is subject to waiver, estoppel and equitable tolling, then so must the filing deadline under MHRA so be considered. She provides numerous Title VII cases in support of this contention.
Plaintiff's argument must fail for several reasons. Firstly, none of her Title VII cases remotely suggest that the filing deadlines of Title VII and the MHRA are analogous. The Court does not quarrel with the well-established doctrine in this circuit that the filing deadlines for Title VII and ADEA claims are not jurisdictional and subject to equitable tolling. However, simply because the filing deadlines are not jurisdictional under these federal statutes, does not automatically make it so for a state statute. The Missouri courts have clearly found the filing deadline under the MHRA to be jurisdictional and this Court is obliged to follow the substantive rulings of the Missouri courts on this issue.
The Court does note that the plaintiff did submit one Missouri court decision finding the filing deadline under the MHRA not to be jurisdictional and subject to equitable tolling. Plaintiff has proffered the recent City *126 of St. Louis Circuit Court decision, Vogt v. Plummer, Cause No. 954-01231 (Burger, J. February 2, 1996) in support of her argument. The Court has carefully reviewed this decision and finds it neither persuasive nor binding upon this Court. The Vogt opinion totally fails to take into account the decisions by the Missouri appellate courts specifically holding the filing deadline under the MHRA to be jurisdictional and insteads relies upon a 1990 decision of the United States District Court for the Western District of Missouri, Weston v. Metropolitan Transportation Service, Inc., (Whipple, J., April 23, 1990) (unpublished opinion). The Weston opinion pre-dates not only the afore-mentioned Missouri appellate decisions, but also the United States District Court decision in Roberts v. Panhandle Eastern Pipeline Co., supra.
Furthermore, contrary to the plaintiff's assertions, the Court finds the recent Eighth Circuit case of Hodges v. Northwest Airlines Inc., 990 F.2d. 1030 (8th Cir.1993) highly instructive on this issue. In Hodges, the Court was faced with a situation very similar to the one presently before the Court. The Minnesota district court had dismissed the plaintiff's state law employment claim for race discrimination. Plaintiff, on appeal, argued that the district court had erred in 1) failing to apply Title VII's statute of limitations; and 2) holding that the Minnesota Human Rights Act's (also abbreviated as MHRA) filing timeperiod was jurisdictional. Hodges, at 1031. After reviewing the provisions of the MHRA and noting that it expressly required the filing of a charge within six (6) months of the alleged discriminatory practice,[2] the Court held that "[a] timely filed charge was a jurisdictional prerequisite to bringing a lawsuit under the MHRA." Hodges, at 1031. The Court specifically rejected the plaintiff's argument that the timeliness of his MHRA claim should be determined by the filing deadlines under Title VII.
"The MHRA specifically delineates the time limits for filing a charge. Those time limits are not measured by Title VII deadlines, although Title VII makes accommodations to allow states the opportunity to address discrimination claims first."
Hodges, at 1032.
The Missouri Human Rights Act also specifically delineates the time limit for filing a charge. There is no justification to apply Title VII deadlines to a MHRA claim when the statute itself contains an express limitations period, and the Missouri courts have found such a limitations period to be jurisdictional.
Since the 180-day filing period for a MHRA claim is jurisdictional, it is not subject to equitable tolling.[3]
Plaintiff next contends that she did timely file her MHRA "charge" because she completed an Intake Questionaire on May 16, 1994.[4] The Court finds that completion of the Intake Questionaire does not constitute a filing of a proper MHRA claim.
Section 213.075(1) clearly states that a "verified complaint" must be filed "which shall set forth the particulars thereof". The Intake Questionaire completed by the plaintiff was not verified, not signed under oath, and lacked any "particulars" regarding her claim of discrimination. All it stated was that plaintiff was claiming sex and age discrimination because she was "forced to resign position after nearly 18 years of service to the organization." This hardly meets the requirements of § 213.075(1).
In Hodges, supra., the Eighth Circuit addressed the issue of whether an intake questionaire can constitute a "charge" for purposes of meeting a filing deadline. The Eighth Circuit held it could not. Hodges, at 1032. It opined that an intake questionaire could not constitute the filing of a charge *127 because it was not verified or signed under oath. The Court held that such a document did not meet the requirements of Title VII and refused to consider it as a proper filing for purposes of the Minnesota Human Rights Act. Hodges, at 1032.
Since the filling out an intake questionaire does not meet the requirements of the Missouri Human Rights Act, and plaintiff did not file a "verified complaint" within 180 days of the alleged discriminatory act, defendant SLU is entitled to judgment on Counts II, IV, and VI as a matter of law.
NOTES
[1] The instant motion was filed by counsel on behalf of St. Louis University and the two individual defendants. By virtue of Court orders, filed March 13, 1996, individual defendants Freesh and Anderson are no longer parties to this litigation.
[2] The Minnesota Human Rights Act statutory filing period has since been modified since the time of the events which took place in Hodges.
[3] The Court realizes that the MCHR did issue the plaintiff a "right-to-sue" letter. However, it was without jurisdiction to do so, and this Court is not bound by an administrative agency's error in law.
[4] Since the alleged discriminatory act occurred on December 1, 1994 (the date she was asked to resign and the date she herself noted on her formal EEOC complaint), the 180-day filing period expired on May 30, 1994.