**Marion WHITEKILLER, Plaintiff,**

**v.**

**CAMPBELL SOUP, INC., Defendant.**

**Civil No. 96–5010.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

May 16, 1996.

Mima Kilgore, Fayetteville, AR, for Plaintiff.

Kelly Carithers, Davis, Cox & Wright, Fayetteville, AR, for Defendant.

### *MEMORANDUM OPINION*

H. FRANKLIN WATERS, Chief Judge.

Plaintiff brings this lawsuit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq* against defendant Campbell Soup, Inc.

■ The ADA incorporates by reference the "powers, remedies, and procedures" set forth in Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). Thus, as in a Title VII case, plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. 42 U.S.C. § 2000e–5(e). Defendant has filed a motion to dismiss on the grounds that plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C. § 2000e–5(e). This motion will be denied.

### I. BACKGROUND

The following recitation of facts is intended solely for purposes of deciding the motion to dismiss.

■ Plaintiff alleges that she was discharged on December 8, 1994. It is well-established that the limitations period begins to run from the date of the allegedly discriminatory discharge. *See e.g. Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323 (8th Cir. 1995). Thus, plaintiff had to file a complaint with the EEOC by June 8, 1995. However, the only signed charge in the record is dated June 30, 1995, which is after June 8, 1995, and more than 180 days after the alleged unlawful action occurred.

On the other hand, the record shows that plaintiff had spoken with an attorney in March 1995, three months prior to the end of the 180 day limitations period. This attorney sent plaintiff a letter dated March 1, 1995, which states that he has attached an EEOC charge for her to fill out. He tells her what the filing deadline is and advises her to send it return receipt requested.

The record then indicates by means of a "Receipt for Certified Mail" that plaintiff sent certified mail to the EEOC on March 11, 1995 and requested a return receipt.

The record then indicates that the EEOC sent plaintiff a letter dated June 22, 1995, which is after the limitations period had elapsed. In that letter, the EEOC indicates that it is sending plaintiff a charge form pursuant to "a recent conversation." The EEOC had apparently filled out the charge form for plaintiff, because the letter tells her to review the enclosed form, to make any corrections on the reverse side of the letter, and that she should not write on the charge except to sign it and date it. The letter then warns that plaintiff must cooperate within 30 days or face possible dismissal of her claim for failure to cooperate.

■ The charge is signed and dated June 30, 1995. On July 25, 1995, the EEOC then sent plaintiff a copy of "your EEOC charge that was filed with this office." The EEOC apparently determined that plaintiff's charge was timely, but the court is free to make its own determination of timeliness. *See e.g. Macklin v. Spector Freight Sys., Inc.,* 478 F.2d 979 (D.C.Cir.1973); *Goldman v. Sears, Roebuck & Co.,* 21 F.E.P. 96, 607 F.2d 1014 (1st Cir.1979); *Corbin v. Pan Am. World Airways, Inc.,* 432 F.Supp. 939 (N.D.Cal. 1977).

## II. APPLICABLE LAW

Title VII expressly provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b); *see also* 29 C.F.R. § 1601.9 (1995) ("A charge shall be in writing and signed and shall be verified.")

■ It is well-established that "the filing of a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the charge." *Balazs v. Lieben-thal,* 32 F.3d 151, 156 (4th Cir.1994) (construing *EEOC v. Appalachian Power Co.,* 568 F.2d 354 (4th Cir.1978)). The Fourth Circuit emphasized that "district courts have consistently followed this decision." *Id.* (citing cases).

Despite the mandatory nature of the sworn charge, EEOC regulations allow for liberal amendment of charges to remedy defects, such as a failure to verify. Under 29 C.F.R. § 1601.12(b) (1995), such curative amendments will relate back to the initial filing of the charge.

> *A charge may be amended to cure technical defects or omissions, including failure to verify the charge,* or to clarify and amplify allegations made therein. *Such amendments* and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge *will relate back to the date the charge was first received.*

29 C.F.R. § 1601.12(b) (italics supplied).

■ The courts are unanimous that 29 C.F.R. § 1601.12(b) is valid and allows amendment of an unverified charge to relate back to the original filing date. *See e.g. Balazs v. Liebenthal,* 32 F.3d 151 (4th Cir. 1994); *Peterson v. City of Wichita, KS,* 888 F.2d 1307 (10th Cir.1989); *Casavantes v. California State Univ.,* 732 F.2d 1441, 1443 (9th Cir.1984); *EEOC v. Sears, Roebuck & Co.,* 650 F.2d 14, 18 (2d Cir.1981); *Blue Bell Boots, Inc. v. EEOC,* 418 F.2d 355, 357 (6th Cir.1969); *Weeks v. Southern Bell Tel. & Tel. Co.,* 408 F.2d 228, 230–31 (5th Cir.1969); *Choate v. Caterpillar Tractor Co.,* 402 F.2d 357, 359–60 (7th Cir.1968); *see also Price v.*

*Southwestern Bell Tel. Co.,* 687 F.2d 74, 77–78, n. 3 (5th Cir.1982) (29 C.F.R. § 1601.12(b) supports nonjurisdictional nature of verification element).

## III. DISCUSSION

■ In light of the above authority, this court holds that plaintiff timely-filed her charge. From the March 11, 1995 receipt for certified mail, it is clear that plaintiff timely sent the EEOC a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). This mailing was clearly sufficient to initiate the EEOC process, leading to the EEOC sending plaintiff a completed form to verify, which she did promptly. Under 29 C.F.R. § 1601.12(b), this amendment related back to the original filing date and was timely.

Despite the overwhelming authority in support of this conclusion, there is an Eighth Circuit case, *Hodges v. Northwest Airlines, Inc.,* 990 F.2d 1030 (8th Cir.1993), that appears to hold that a curative amendment of an unverified charge does not relate back to the initial filing date. If this were truly the law in the Eighth Circuit, then 29 C.F.R. § 1601.12(b) is invalid, and defendant's motion to dismiss should probably be granted. However, this court does not read *Hodges* to compel this result.

In *Hodges,* the EEOC filing deadline for this act was 180 days, 42 U.S.C. § 2000e–5(f), and the state agency filing deadline was six months, Minn.Stat. § 363.06(3). However, plaintiff did not file a charge with either the EEOC or the state agency until seven months after the alleged unlawful act. Therefore, plaintiff's claim was time-barred, and the Eighth Circuit so held.

However, plaintiff argued that "he timely filed a charge for purposes of the [state agency] when he filled out an intake questionnaire at the EEOC Los Angeles office on September 16, 1981," more than seven months after the alleged unlawful act. *Hodges,* 990 F.2d at 1032. This argument was clearly irrelevant. Even if filing an intake questionnaire with the EEOC constitutes filing with the state agency, the intake

questionnaire was filed after the state's filing deadline had passed.

Rather than reaching this simple result, the Eighth Circuit stated as follows.

> [Plaintiff's] intake questionnaire was not taken under oath; therefore, it did not constitute a valid charge under Title VII for purposes of the statute of limitations until he signed it under oath some two months later on November 17, 1981. *EEOC v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir.1978).

*Hodges*, 990 F.2d at 1032. Thus, the Eighth Circuit at least implied that a curative amendment of an unverified complaint does not relate back, and that 29 C.F.R. § 1601.12(b) is invalid.

This reading of *Hodges* is rejected. First, such a reading would run contrary to the vast weight of authority cited above that 29 C.F.R. § 1601.12(b) is valid. Second, it would violate the principle that Title VII is remedial legislation to be construed liberally, not technically. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982). Third, it would reject the Supreme Court's holding in *Zipes*, 455 U.S. at 393–95, 102 S.Ct. at 1132–33, that the timeliness of the filing is not jurisdictional. Fourth, it would ignore the Supreme Court's admonition that the EEOC's interpretation of Title VII, such as the one contained in 29 C.F.R. § 1601.12(b), is entitled to deference if reasonable. *See EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 114–15, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988). Fifth, it would presume that the Eighth Circuit was invalidating 29 C.F.R. § 1601.12(b) without ever citing to the regulation it was supposedly holding invalid. Sixth, it would assume the Eighth Circuit was holding 29 C.F.R. § 1601.12(b) to be invalid in a case where the regulation was not even at issue. As stated above, the initial charge in *Hodges* was not timely-filed. Thus, even if plaintiff's charge were later verified and the amendment related back, the claim would still be time-barred.

Finally, it should be noted that the only case cited in *Hodges* for the implied proposi-

tion that curative verification of a charge does not relate back to the initial filing date is a Fourth Circuit case, *Appalachian Power, supra*. However, the Fourth Circuit recently held that 29 C.F.R. § 1601.12(b) is valid, and that curative verifications do relate back. *Balazs, supra*. In holding 29 C.F.R. § 1601.12(b) valid, the Fourth Circuit cited to *Appalachian Power* for the proposition that 42 U.S.C. § 2000e–5(b) requires verification of a charge, but the Fourth Circuit did not seem to find any inconsistency with that proposition and allowing the relation back of curative amendments pursuant to 29 C.F.R. § 1601.12(b).[1]

For all these reasons, the Eighth Circuit decision in *Hodges* cannot be construed to invalidate 29 C.F.R. § 1601.12(b).

### IV.   CONCLUSION

For the reasons stated above, defendant's motion to dismiss will be denied. A separate order will be entered concurrently with this opinion.

---

1.   However, the Fourth Circuit did limit 29 C.F.R. § 1601.12 to disallow curative amendments after

the EEOC had closed a file and issued a right to sue letter.