United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1338

Deborah A. Lawrence,            *
                                     *
          Appellant,       *
                                     *
    v.                     *
                                     *
Cooper Communities, Inc.,     *   Appeal from the United States
                                   *   District Court for the Western
          Appellee.       *   District of Arkansas.
                                   *
------------------------        *
                                   *
Equal Employment Opportunity  *
Commission,               *
                                   *
          Amicus Curiae.    *

_____

Submitted: September 11, 1997
Filed:  January 6, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and BEAM, Circuit
    Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Deborah A. Lawrence appeals from a final order entered in the United States District Court for the Western District of Arkansas granting summary judgment in favor of Cooper Communities, Inc. ("Cooper") on her claim of sex discrimination under 42

U.S.C. §§ 2000e - 2000e-17 (1994) ("Title VII").  For reversal, Lawrence argues that the district court erred in holding that (1) Lawrence failed to file a timely charge because her charge information form ("CIF") did not constitute a "charge" of discrimination under 42 U.S.C. §§ 2000e-5(b), 2000e-5(e)(1); and that (2) Lawrence failed to present sufficient evidence to establish equitable tolling.  Because we conclude that equitable tolling applies for the reasons discussed below, we reverse the district court's order and remand for further proceedings.

## I.  BACKGROUND

Lawrence worked as an accountant for Cooper from 1989 until she resigned on January 27, 1995.  In her Title VII action, Lawrence alleges that Cooper discriminated against her on the basis of sex by paying her less than a similarly situated male accountant, Ken Willsey; denying her vacation time that was made available to other male employees; subjecting her to a hostile work environment caused by her supervisor, Carl Lange; and denying her certain continuing educational opportunities, promotions, and club benefits.

On April 13, 1995, Lawrence sought the advice of an attorney, Stephen Wood, but decided to pursue her administrative options with the Equal Employment Opportunity Commission Little Rock Office ("EEOC") before retaining an attorney.  See Appellant's App. at 70.  On June 15, 1995, Lawrence completed a CIF regarding her complaints and attached six additional handwritten pages providing detail about these complaints.  In the CIF, Lawrence stated that she also sought to initiate an investigation, reinstatement, and damages.  Although Lawrence signed the CIF, this signature was not verified or, in other words, was not signed under oath or penalty of perjury.  The CIF recites that its principal purpose is "to solicit information to enable the [EEOC] to avoid the intake of matters not within its jurisdiction."  Id. at 67.  The form also indicates that

[i]nformation provided on this form will be used by [EEOC] employees to determine the existence of facts relevant to a decision as to whether the [EEOC] has jurisdiction over potential charges, complaints or allegations of employment discrimination and to provide such pre-charge filing counseling as is appropriate.

Id. The EEOC received the CIF by mail on June 19, 1995 -- 172 days after the date that Lawrence alleges that the last act of discrimination occurred and within the 180-day charge filing period.[1] Although Cooper never received a copy of the CIF, on August 1, 1995, the EEOC informed Cooper that an "unperfected charge" had been filed and that the EEOC would mail a copy of the perfected charge when EEOC completed the formal writing of the charge. Id. at 19.

EEOC personnel prepared a charge of discrimination and forwarded it by letter dated September 1, 1995 to Lawrence for her to review and sign. At the time the EEOC mailed the charge to Lawrence, the 180-day charge filing period had lapsed. Lawrence made two corrections to the form -- she corrected an erroneous date and checked sex discrimination as a cause of discrimination in addition to her initial Equal Pay Act charge. Lawrence, under penalty of perjury, signed and dated the form on September 13, 1995. On September 18, 1995, the EEOC received Lawrence's formal charge and mailed Cooper a copy of the charge on September 20, 1995.

On August 8, 1996, following the receipt of her right to sue letter, Lawrence filed this action alleging sex discrimination in violation of Title VII.[2] Cooper moved to dismiss or, alternatively, for summary judgment arguing that the claim was barred

---

[1] There is no state or local fair employment practices agency in Arkansas. Therefore, Lawrence has 180 days, as opposed to 300 days, after the alleged unlawful employment practice occurred to file her charge. See 42 U.S.C. § 2000e-5(e)(1).

[2] Lawrence also initially filed a claim under the Equal Pay Act, 42 U.S.C. § 206(d) (1994). However, Lawrence later moved to amend her Complaint to dismiss this claim.

because of Lawrence's failure to file a charge within 180 days of the alleged discrimination. On December 30, 1996, the district court granted summary judgment in favor of Cooper based on its conclusion that Lawrence had not filed a timely charge. The district court reasoned that Lawrence's CIF did not constitute a "charge," and Lawrence failed to file a perfected charge until after the charge filing period had lapsed. In reaching this decision, the district court relied upon <u>Diez v. Minnesota Mining and Mfg. Co.</u>, 88 F.3d 672, 675 (8th Cir. 1996) and <u>Hodges v. Northwest Airlines, Inc.</u>, 990 F.2d 1030, 1032 (8th Cir. 1993) in which this court stated that an unverified intake questionnaire could not serve as an administrative charge under the Age Discrimination in Employment Act ("ADEA") or Title VII. In addition, the district court found that Lawrence failed to present sufficient evidence of waiver, estoppel, or equitable tolling. As such, Lawrence appeals this order.

## II. DISCUSSION

We review <u>de novo</u> a grant of summary judgment. The standard we apply is the same as the district court applied: whether the record shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Rothmeier v. Investment Advisers, Inc.</u>, 85 F.3d 1328, 1331 (8th Cir. 1996); Fed. R. Civ. P. 56(c) (1997). We construe the factual record and all reasonable inferences from the record in the light most favorable to the party opposing summary judgment. <u>See</u> <u>Hutson v. McDonnell Douglas Corp.</u>, 63 F.3d 771, 775 (8th Cir. 1995).

On appeal, Lawrence[3] first argues that the district court erred in granting summary judgment against her by ruling that her CIF did not constitute a charge of

---

[3]We note that the EEOC filed an <u>amicus curiae</u> brief in support of Lawrence and submits essentially the same arguments on appeal. Therefore, our discussion addresses these arguments simultaneously.

discrimination and that Lawrence, therefore, failed to file a timely charge of discrimination. Lawrence contends that

> a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects . . . including failure to verify the charge. . . . Such amendments . . . will relate back to the date the charge was first received.

29 C.F.R. § 1601.12(b) (1997). Here, Lawrence claims that her initial CIF satisfied the requirements of this regulation, was filed within the 180-day filing period, and was subsequently amended to cure the technical defect by her completion of a verified formal charge. In addition, Lawrence suggests that <u>Diez</u> does not foreclose allowing an intake questionnaire to function as a charge for statute of limitations purposes provided that the intake questionnaire was completed under circumstances indicating that the claimant's intent was to activate the statutory machinery. In the present case, Lawrence asserts that "[a]t all times, my intentions have been to initiate whatever action was necessary under federal law to protect my rights and to redress my grievances against Cooper." Appellant's App. at 88.

Because <u>Hodges</u> and <u>Diez</u> foreclose such arguments, we disagree. In a Title VII case, we previously held that an intake questionnaire that was not submitted under oath "did not constitute a valid charge under Title VII for purposes of the statute of limitations" until it was later signed under oath. <u>Hodges</u>, 990 F.2d at 1032. After considering the effect of § 1601.12, we confirmed that <u>Hodges</u> stands as the leading case in our circuit and that, "[i]n Title VII cases, intake questionnaires do not satisfy the statutory requirements for a charge because they are not verified." <u>Diez</u>, 88 F.3d at 675; <u>see also</u> 42 U.S.C. § 2000e-5(b) (1997) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC]

requires.") Therefore, we cannot accept Lawrence's contention that such language is mere dicta.

Because Lawrence's CIF does not constitute a "charge," we further conclude that § 1601.12(b) does not apply to allow the relation back of Lawrence's verified charge to the date that the EEOC received her CIF. The regulation specifically states that "[s]uch amendments . . . will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b) (emphasis added).

Lawrence next argues that the district court erred in refusing to apply the doctrine of equitable tolling because, in the event that Lawrence's charge was not timely filed, equitable tolling works to preserve her claim as she acted reasonably in following the EEOC's instructions that were based on the agency's understanding of the charge filing procedures.

On the other hand, Cooper agrees with the district court's opinion that Lawrence did not establish sufficient facts to show that equitable tolling should apply. Cooper contends that Lawrence has presented no evidence that she was unaware of federal discrimination law and that Lawrence, in fact, previously received assistance from an attorney regarding the alleged discrimination. Cooper asserts that equitable tolling is precluded once it is shown that the employee was generally aware of her rights. See Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994). In addition, Cooper argues that a mutual misunderstanding on the part of Lawrence and the EEOC does not justify equitable tolling and that some affirmative act of misconduct intended to cause Lawrence delay is required. See id. at 390. Finally, Cooper submits that it should not be required to defend a lawsuit based upon an untimely charge when Lawrence had the means to prevent this prejudice by contacting the EEOC at an earlier date or following up with the EEOC as opposed to responding to their requests. Cooper claims that, under Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1331 (8th Cir. 1995), this court refused to apply equitable tolling because the claimant waited three months to file

a charge. Because we find these cases distinguishable from the present case, we disagree.

The filing of a timely charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court. Rather, it is a condition precedent and, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). "It is clear that equitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant." Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir.), cert. denied, 116 S. Ct. 299 (1995); see also Dring, 58 F.3d at 1329 ("[E]xcusable ignorance may provide the basis for the proper invocation of the doctrine of equitable tolling.").

In Anderson, this court considered the argument, based on Runyon, that implied that only employer misconduct justifies equitable tolling. We noted that Runyon and the cases it relied upon were limited to the context of the facts presented. See Anderson, 47 F.3d at 306. In those cases, the plaintiff claimed that the employer failed to post information regarding employees' rights under the civil rights statutes. This court held that "[e]quitable tolling is permissible in other situations as well." Id. Furthermore, we noted that an affirmative misrepresentation is not a requisite to applying equitable tolling because "ambiguous and misleading language" could also "lead a reasonable person to believe" that the steps that were taken would activate the Title VII process. Id. at 307.

After a careful review of the record, we find, in the present case, that Lawrence's failure to file a timely charge was excusable neglect because the following circumstances are sufficiently misleading to cause a reasonable person to believe that such steps would activate the Title VII process. First, Lawrence stated that "at all times relevant to my filing my complaint with E.E.O.C. I was operating under instructions given to me by E.E.O.C.[, and] . . . I continued to provide information to E.E.O.C. as it was requested." Appellant's App. at 87-88. The fair inference from this

statement is that the EEOC told Lawrence to adhere to the following format.  Because the EEOC received Lawrence's CIF on June 15, 1995 (eight days before the 180-day filing period would expire), the EEOC applied a special procedure[4] and treated Lawrence's CIF as a charge, assigning a charge number and giving Cooper notice on August 1, 1995 that a charge had been received.  See id. at 19.

Second, the EEOC failed to complete the formal charge form and obtain Lawrence's verification until after the 180-day period expired.  The EEOC believed that, pursuant to § 1601.12(b), the completed charge would relate back to the CIF's filing for timeliness purposes.  See EEOC's Br. at 8-9.  Lawrence's receipt of the charge form on September 1, 1995 carried the implied representation, although legally incorrect, that the statute of limitations had not expired on her claim.  Moreover, the fact that Lawrence later completed a formal charge form does not necessarily mean that she intended her CIF to be preliminary.  Rather, under these circumstances, it is equally  as possible that a reasonable person would complete such a form based on directions received from the EEOC.  Although Lawrence sought the advice of an attorney prior to contacting the EEOC and may have been generally aware of her rights, we find that the EEOC misled Lawrence into reasonably believing that submitting her CIF within fifteen days of the 180-day filing deadline, with subsequent verification, would suffice.  See Appellant's App. at 88 (Lawrence intended "to initiate whatever action was necessary under federal law to protect [her] rights. . . .").

---

[4]See 1 EEOC Compliance Manual (BNA) § 2.2(a)(1), at 2:0001 (1989) which provides:

> When it is clear from the contents of correspondence which is a minimally sufficient Title VII charge that a completed charge cannot be obtained within the Title VII charge filing limit (the time limit will expire in less than 15 days), . . . [c]ontinue with the intake process so that a copy of the charge can be served expeditiously.

In sum, Lawrence's failure to file a timely charge arose from the EEOC's misconduct which is a circumstance beyond Lawrence's control and constitutes excusable neglect for Lawrence's failure to file a timely charge. Based upon the EEOC's instructions and its interpretation of the charge filing procedures, Lawrence reasonably believed that she had taken all of the required steps to activate the Title VII statutory machinery. As such, we find sufficient evidence to equitably toll the statute of limitations period.

## III. CONCLUSION

For the reasons stated in this opinion, we reverse the district court's grant of summary judgment in favor of Cooper and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.