# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3274

_____

| | | |
|---|---|---|
| Brenda Crawford, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Boone County, Missouri; O.J. Stone, | * | Western District of Missouri |
| individually & in his capacity as an | * | |
| employee of the Boone Cty. Sheriff's | * | [UNPUBLISHED] |
| Dep't., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 4, 1999

Filed: March 26, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Brenda Crawford appeals from the final judgment entered in the United States District Court[1] for the Western District of Missouri. The district court granted summary judgment to defendants in Crawford's employment discrimination action,

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

in which Crawford claimed that defendants sexually harassed and subjected her to disparate treatment based on her sex and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

After de novo review, see Diez v. Minnesota Mining & Mfg. Co., 88 F.3d 672, 674 (8th Cir. 1996), we conclude summary judgment was proper because Crawford failed to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of any alleged discriminatory employment practice, see 42 U.S.C. § 2000e-5(e); Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997) (plaintiff may not assert Title VII claim unless she has filed timely EEOC charge); cf. Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1302-03 (8th Cir. 1997) (alleged violation may be deemed continuing where plaintiff challenges ongoing pattern or practice of discrimination, but plaintiff must establish violation existed during statutory period), cert. denied, 118 S. Ct. 2370 (1998). We agree with the district court that Crawford failed to show circumstances that warranted equitable tolling of the 300-day filing period. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (listing four circumstances that warrant equitable tolling); Miller v. Runyon, 32 F.3d 386, 390 (8th Cir. 1994) (reviewing for clear error district court's findings of facts underlying equitable tolling claim).

Accordingly, the judgment is affirmed. We deny plaintiff's and defendants' pending motions on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.