ST. LOUIS–SAN FRANCISCO
RAILWAY COMPANY,
Plaintiff-Respondent,

v.

MAYOR'S COMMISSION ON HUMAN
RIGHTS AND COMMUNITY RELA-
TIONS OF the CITY OF SPRING-
FIELD, Missouri, Defendant-Appellant.

No. 10669.

Missouri Court of Appeals,
Springfield District,
En Banc.

Sept. 18, 1978.

Motion for Rehearing or Transfer
Denied Oct. 10, 1978.

Dennis T. Rathmann, St. Louis, C. Wallace Walter, Mann, Walter, Burkart, Weathers & Walter, Springfield, for plaintiff-respondent.

Howard C. Wright, Jr., Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

The Circuit Court of Greene County determined defendant Mayor's Commission on Human Rights and Community Relations of the City of Springfield, Missouri, did not have jurisdiction of a complaint of alleged racial discrimination filed by Richard Patterson, former employee of plaintiff St. Louis-San Francisco Railway Company, and made absolute a preliminary rule in prohibition. We affirm.

Patterson was dismissed from plaintiff's employment November 21, 1975. His complaint of alleged discrimination was filed March 17, 1976. Thereafter, defendant sought to subpoena certain of plaintiff's personnel and records. Plaintiff filed its petition for a writ of prohibition, contending Patterson had not timely filed his complaint and defendant did not have jurisdiction over the subject matter or plaintiff.

The Springfield City Code § 12A–7 provides that "A complaint . . . shall be filed within sixty (60) days after the alleged discriminatory practice occurred." Patterson's complaint was based on his November 21, 1975, discharge by plaintiff and having been filed 117 days after the alleged discriminatory act it was not timely filed and defendant acquired no jurisdiction.

The timely filing of a charge of discrimination is a jurisdictional prerequisite to action by the agency charged with enforcement. *Smith v. Office of Economic Opportunity for the State of Arkansas*, 538 F.2d 226 (8th Cir. 1976); *Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975).

The instant ordinance creates a right and liability which do not exist at common law and prescribes the remedy. The remedy is an integral part of the right and the requirements of the ordinance, including the time limitation for the filing of a complaint, must be strictly followed or the right and corresponding liability ends. Not only is the remedy no longer available, but the right itself is extinguished. *Guy v. Robbins & Myers, Inc.*, 525 F.2d 124 (6th Cir. 1975).

The Springfield ordinance mandates a filing of an alleged discriminatory complaint within 60 days of the act complained of, and without such the Mayor's Commission has no jurisdiction to proceed. And, contrary to defendant's contention, this jurisdictional requirement was not tolled during the pendency of the unsuccessful grievance the former employee filed through his union. *Guy v. Robbins & Myers, Inc.,* supra. Thus, defendant's attempt to subpoena plaintiff's personnel and records was in excess of the jurisdiction conferred by the ordinance.[1]

"The use of the writ of prohibition is not confined to courts alleged to be exceeding their jurisdiction. It is frequently used to prevent boards, commissions, and other public bodies exercising quasi judicial powers from the doing of unauthorized acts or acts in excess of the authority vested in them." *State ex rel. Atkins v. Missouri State Board of Accountancy*, 351 S.W.2d

---

1. The ordinance also specifically limits the time within which to conduct a hearing on a complaint. Sec. 12A–9 first limits the investigation phase by the commission to 60 days and then provides for a hearing but ". . . *in no event shall the hearing before the commission be held more than seventy-five (75) days from* the date of the filing of the original complaint." The subpoenas ordered named individuals, employees of Frisco, to appear and testify, and certain documents be produced, before the commission on September 8, 1976, nearly six months after Patterson had filed his complaint. (Our emphasis)

483, 489 (Mo.App.1961). And, prohibition will lie to prevent a court from enforcing obedience to a subpoena duces tecum where the subpoena in question is illegal upon its face and where an attempt to enforce such subpoena would call for the exercise of a purported power clearly in excess of the court's jurisdiction. *State ex rel. Burke v. Scott*, 364 Mo. 420, 262 S.W.2d 614 (Mo. banc 1953).

Chapter 12A of the Springfield City Code confers substantial powers on the Mayor's Commission to deal with complaints of unfair employment practices. Its power to investigate complaints includes the right of access to the premises, records, documents, individuals or other evidence or possible sources of evidence to copy and record materials and take statements and testimony. The commission has power of subpoena for investigation and hearing purposes. After reasonable notice of time, place and date to the parties, the commission may hold a hearing on the complaint, where the parties may appear with legal counsel, present evidence and cross-examine witnesses, with all testimony being taken under oath. It is authorized to issue cease and desist orders and to take affirmative action reinstating or upgrading employees, with or without back pay, to restore membership in any respondent labor organization or to take such action as will effectuate the purposes of the ordinance. A party may seek judicial review of a commission order, and the commission may seek enforcement of its order in Greene County circuit court. The Springfield city attorney is authorized to bring proceedings in municipal court for punishment of any person violating the ordinance. A person interfering with the performance of the commission or failing to obey process issued by the commission requiring attendance or production of documents at a hearing is subject to a $500 fine, 180 days imprisonment or both.

Here, defendant's quasi-judicial jurisdiction over alleged discriminatory acts stems from the ordinance. But in order to invoke defendant's jurisdiction, a complaint is required to be lodged within 60 days after the alleged discriminatory practice occurred. Without a timely complaint, the defendant had no jurisdiction and its attempt to compel plaintiff's personnel to appear and testify and produce records was unauthorized and in excess of the powers conferred by the ordinance. The fact that the ordinance also provides for a right to appeal does not negate prohibition in this case. An appeal would not prevent the expense, vexation and annoyance of plaintiff's compliance with the subpoenas; the question on appeal would be merely whether or not the defendant was acting without authority in issuing the subpoenas; and appeal would not be an adequate remedy. *Dahlberg v. Fisse*, 328 Mo. 213, 40 S.W.2d 606 (1931).

The judgment is affirmed.

All concur.