STATE of Missouri ex rel. ST. LOUIS COUNTY, Missouri, Appellant,

v.

MISSOURI COMMISSION ON HUMAN RIGHTS, Respondent.

No. WD 36016.

Missouri Court of Appeals, Western District.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

Thomas W. Wehrle, County Counselor, Katherine L. Gayer, Asst. County Counselor, Clayton, for appellant.

Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant St. Louis County sought a writ of prohibition in the Cole County Circuit Court directed to respondent, the Missouri Commission On Human Rights. A preliminary order in prohibition was issued, but after considering arguments in support of and in opposition to the writ, the court ordered the writ quashed. The County appeals from the order quashing the writ. An appeal to this court is the proper proce-

dure to obtain review when the lower court has preliminarily granted prohibition but has refused to make the order permanent. *State ex rel. River Cement Co. v. Pepple*, 585 S.W.2d 122 (Mo.App.1979).

The facts of the case are not in dispute. One Cummings was an employee of the St. Louis County Department of Justice Services when, on July 11, 1979, he was notified by his supervisor that he was suspended from work without pay from July 12 through July 26. The stated cause was offensive conduct and language by Cummings. On January 10, 1980, Cummings filed a complaint with the Commission alleging that the suspension was a product of racial discrimination. It is agreed that the complaint was filed more than 180 days after Cummings was notified of the discipline but less than 180 days after the period of suspension had expired.

Section 296.040.10, RSMo. 1978 provides that a complaint of an unlawful employment practice must be filed within 180 days of the alleged act of discrimination. The Commission has no jurisdiction to conduct any proceedings on a complaint not filed within the statutory period. *St. Louis-San Francisco Ry. Co. v. Mayor's Commission*, 572 S.W.2d 492 (Mo.App. banc 1978). The writ was sought in the present case to prohibit the Commission from proceeding to hear Cummings' complaint because it was not filed within the statutory period.

The respective contentions in this case focus on the single question of when the limitation period for the filing of the complaint commenced to run. Appellant argues that Cummings had 180 days from the date he was notified of his suspension, July 11, 1979, and that the complaint filed January 10, 1980 was three days out of time. The Commission contends that the acts of discrimination were the daily suspensions and pay forfeitures and that a claim filed within 180 days of July 26, 1979, the last day of Cummings' suspension, was timely.

The continuing violations theory on which the Commission's argument is based was discussed at length in *Missouri Pac. R. Co. v. Missouri Commission,* 606 S.W.2d 496 (Mo.App.1980). There, the complainants' jobs as train porters were abolished because of a decline in passenger train service. After intervals of unemployment, the complainants were given positions as switchmen or brakemen but without the seniority accumulated during their service as train porters. The complaints were based on allegations of discrimination in abolishing the train porter positions and in the denial of seniority rights, all of which were contended to be continuing acts of discrimination existing so long as the rights acquired by the complainants as train porters were not reinstated. Citing, among other cases, *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), the court held that continuance of the impact resulting from an act of discrimination does not prolong the life of the claim.

This case is ruled by *Missouri Pac. R. Co. v. Missouri Commission, supra,* and the cases there cited. The act of discrimination against Cummings, if such it were, occurred on July 11, 1979 when he was disciplined for improper conduct. There was no allegation by Cummings of any subsequent or current discriminatory act or practice, only the effect in loss of pay which was the consequence of the discipline imposed. The complaint filed 183 days after the alleged discriminatory act was untimely and the Commission was therefore without jurisdiction to proceed.

The judgment of the circuit court is reversed and the cause remanded with direction that the writ of prohibition be made permanent.