SOUTHWESTERN BELL TELEPHONE
COMPANY, Plaintiff/Appellant,

v.

MISSOURI COMMISSION ON HUMAN
RIGHTS, Defendant/Respondent.

No. 64113.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Paul E. Dorin, St. Louis, for plaintiff/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Thomas P. Polacek, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

REINHARD, Judge.

Southwestern Bell Telephone Company (Employer) appeals a final order of the Circuit Court of the City of St. Louis quashing a preliminary order in prohibition and dismissing employer's petition for writ of prohibition. We reverse and remand.

On August 20, 1988, Edward Green (Employee) filed a complaint of discrimination with the Missouri Commission on Human Rights (Commission) pursuant to the Missouri Human Rights Act (MHRA), Chapter 213, RSMo 1986. The complaint alleged that employer had discriminated against employee on the basis of his hearing impairment.

On February 5, 1988, employee worked as a Customer Service Technician (CST) for employer. This job entailed working from aerial ladders, lifts, and poles. Employer removed employee from his position as a CST because his medical condition caused him to experience dizziness and vertigo. On February 5, 1988, employee was told to remain in the office for the remainder of the day and then not return to work until he was instructed to do so. Employee was main-

tained on employer's payroll until March 24, 1988, when he was finally removed.[1]

On August 20, 1988, employee filed a complaint alleging discrimination with the Commission. The sole instance of discrimination alleged in the complaint was his removal as a CST on February 5, 1988.[2] This filing occurred one hundred ninety-seven (197) days after the date of alleged discrimination.

On November 2, 1992, employee's attorneys amended his complaint. This first amended complaint also alleged the same single date of discrimination as employee's initial complaint. On November 25, 1992, employer served the Commission with a copy of its petition for writ of prohibition. This petition noted that employee's complaint was not filed within one hundred eighty (180) days of the date of the alleged discrimination and this untimely filing deprived the Commission of jurisdiction.

On December 2, 1992, the Commission, on behalf of employee, sought leave to further amend his complaint. The proposed second amended complaint would allege that employee had been discriminated against on March 24, 1988—the date of his removal from employer's payroll. This second, later date of alleged discrimination was within one hundred eighty (180) days of the filing of the initial complaint.

On December 8, 1992, the trial court issued a preliminary order in prohibition against the Commission barring any further action in the employee's case. Consequently, the court did not rule on the Commission's proposed second amended complaint.

On April 8, 1993, the trial court entered an order quashing the preliminary order in prohibition and dismissing employer's petition for writ of prohibition. The trial court found the Commission had already determined that employee's proposed second amended complaint was appropriate and that the Commission had jurisdiction to permit the second amendment. Employer appeals from that order.

■ An appeal to this court is proper procedure to obtain review when the lower court has preliminarily granted prohibition but has refused to make the order permanent. *State ex rel. St. Louis County v. Missouri Commission on Human Rights,* 693 S.W.2d 173, 174 (Mo.App.1985). In *St. Louis County,* as in the instant case, the circuit court granted a preliminary writ in prohibition barring the Commission from proceeding to hear a complaint of employment discrimination because the complaint was untimely filed. *St. Louis County,* 693 S.W.2d at 174. The circuit court subsequently quashed the preliminary writ, and St. Louis County appealed. Upon finding the Commission lacked jurisdiction to hear the complaint (by virtue of its untimely filing), we reversed and remanded with direction that the writ of prohibition be made permanent. *Id.* at 175.

■ On appeal, employer contends that the Commission lacked jurisdiction to consider employee's complaint because it was filed more than one hundred eighty (180) days after the alleged discrimination. A complaint of discrimination must be filed with the Commission "within one hundred eighty (180) days of the alleged act of discrimination." § 213.075.1, RSMo Supp.1992. The Commission has no jurisdiction to conduct any proceeding on a complaint not filed within this period. *St. Louis County,* 693 S.W.2d at 174; *St. Louis–San Francisco Ry. Co. v. Mayor's Commission on Human Rights and Community Relations of City of Springfield,* 572 S.W.2d 492, 493 (Mo.App.1978). Thus, employee's original complaint, filed August 20, 1988, and alleging discrimination occurring on February 5, 1988, was untimely on its face and the Commission was without jurisdiction.

The Commission's response relies on § 213.075.8, RSMo.Supp.1992, which provides (in part):

> The commission or complainant intervenor shall have the power to reasonably and fairly amend any complaint, and the respondent shall have like power to amend any answer.

---

1. Employee was subsequently reinstated to his position with employer.

2. The initial complaint contained no mention of employee's eventual termination nor did it contain any allegation of continuing discrimination.

■ It argues that the regulations promulgated by the Commission which govern amendments and complaints, read in conjunction with the above statute, permit the amendment of untimely filed complaints. The particular regulation relied upon, 8 CSR 60–2.065(1), provides (in part):

... After a contested case has been set for public hearing, the complaint may be amended by the commission or the complainant-intervenor within time limits set by the presiding officer, to cure technical defects or omissions, including to clarify and amplify allegations made in the complaint.

Thus, the Commission contends that the proposed second amended complaint of December 2, 1992, alleging that the employee had been discriminated against on March 24, 1988, the date of his removal from employer's payroll, was sufficient to bring the original complaint within the one hundred eighty (180) day rule. The Commission cites no Missouri authority to support its contention that the Commission can obtain jurisdiction over an untimely filed complaint by virtue of an amended complaint filed four years later.[3] It relies entirely upon federal cases to support its position, principally *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3rd Cir. 1976). There, the Third Circuit interpreted EEOC regulations as permitting amendment of a complaint of discrimination, after the expiration of the period for filing an initial complaint, when the additional allegations contained in the amended complaint are within the scope of the EEOC investigation of the discrimination alleged in the initial complaint. The Commission here claims employee's termination was within the scope of the Commission's investigation of the initial complaint of employee's removal from his position as a CST.

■ As stated by the Commission, if there is no Missouri law we *may* apply relevant federal law. *K.C. v. Missouri Commission on Human Rights*, 632 S.W.2d 488, 490 (Mo. banc 1982). However, we are not required to do so, and find it unnecessary to do so in the instant case.

■ The Missouri Supreme Court has established a strong policy position on the issue of employing amended pleadings to attempt revival of time-barred claims in civil cases. Rule 55.33 permits the relation back of amendments to pleadings. The rule is to be liberally applied. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo.App.E.D.1992). Our supreme court, however, has stated in *Laux v. Motor Carrier Council of St. Louis, Inc.*, 499 S.W.2d 805, 807 (Mo.1973):

Leave to amend a petition contemplates an amendment which will cure the defects of the petition without changing the essential basis of the cause of action originally attempted to be plead. Alleging a new cause of action which is subject to the bar of the statute of limitations cannot be considered a mere amendment and is not authorized. An amended pleading relates back to the time of the filing of the original pleading for the claim stated in the amended pleading is the same as that stated in the original one. (Citation omitted). An amendment will not relate back to the filing of the original petition and save a cause of action from a bar of the statute of limitations "if the proof necessary to support the pleading as amended is different from the proof necessary to support the

---

**3.** The Circuit Court in the instant case relied on *Missouri Pacific Railroad Co. v Missouri Commission on Human Rights*, 606 S.W.2d 496 (Mo.App.1980) for the proposition that amendments to untimely complaints are permitted. We disagree. In *Missouri Pacific*, the court held that the Commission could only have acquired jurisdiction if the complaints had been filed within the statutorily defined filing period (ninety days in that case). In that case, both the initial complaints and the amended complaints were untimely filed.

The complainants in *Missouri Pacific* alleged a continuing violation. Had a continuing violation been found to exist, the initial complaints in *Missouri Pacific* would have been timely and, therefore, amendment of complaints would have been permissible. It was the lack of a continuing violation which rendered the complaints untimely and, therefore, stripped the Commission of jurisdiction.

The Commission in this case does not rely on a continuing violation theory, and we note that such a theory would be inapplicable here. Employee's removal from his position as a CST and his eventual removal from employer's payroll constitute the basis for two separate causes of action rather than multiple effects from a single cause of action.

same pleading before such amendment." Citing *Miller v. Werner*, 431 S.W.2d 116, 118 (Mo.1968); *McDaniel v. Lovelace*, 439 S.W.2d 906, 909 (Mo.1969).

Here, proof of discharge, as required to support the allegations contained in the second amended pleading, differs from the proof required to support the removal complained of in the original complaint. Thus, had this been a civil case, the claim would have been time-barred.

■ The Commission has only such jurisdiction and authority as may be granted by the General Assembly. *Brooks v. Pool–Leffler*, 636 S.W.2d 113, 119 (Mo.App.1982). The timely filing of a complaint alleging discrimination is a jurisdictional prerequisite to action by the Commission. *St. Louis–San Francisco Ry.*, 572 S.W.2d at 493. In denying the Mayor's Commission jurisdiction, the court in *St. Louis–San Francisco Ry.* held:

> [t]he instant ordinance creates a right and liability which do not exist at common law and prescribes the remedy. The remedy is an integral part of the right and the requirements of the ordinance, including the time limitation for the filing of a complaint, must be strictly followed or the right and corresponding liability ends. Not only is the remedy no longer available, but the right itself is extinguished. *Id.* at 493.[4]

■ When interpreting statutes, our primary role is to ascertain the intent of the legislature from the language used and give effect to that intent if possible. *Trailiner Corporation v. Director of Revenue*, 783 S.W.2d 917, 920 (Mo. banc 1990). As a general rule, when interpreting statutes, we presume the General Assembly intended a logical, not an absurd or unreasonable result in fashioning its provisions. *Blaine v. J.E. Jones Const. Co.*, 841 S.W.2d 703, 711 (Mo. App.1992).

We cannot read into § 213.075.8 a rejection of supreme court policy of the effect of amendments on time-barred claims. To al-low the Commission to permit such an amendment to create jurisdiction over the complaint would effectively circumvent the filing requirement provided by the General Assembly.

Regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. *Brooks v. Pool–Leffler*, 636 S.W.2d at 118. A regulation cannot expand the delegated authority of an administrative agency. Given that the statute permitting amendments will not afford the Commission jurisdiction to permit amendments in this case, the regulations promulgated thereunder likewise cannot do so. We find the untimely filing of employee's initial complaint deprives the Commission of jurisdiction and bars the Commission from permitting the filing of amendments to that complaint.

■ The Commission also argues a writ of prohibition is an inappropriate remedy in this case in that such writs are to be employed to limit judicial proceedings. We disagree. Writs of prohibition are frequently employed to prevent boards, commissions, and other public bodies exercising quasi-judicial powers from performing unauthorized acts or acts in excess of the authority vested in them. *St. Louis–San Francisco Ry.*, 572 S.W.2d at 493. In *Missouri Pacific*, as in the instant case, a writ of prohibition was sought to bar the Commission from pursuing untimely filed discrimination claims. The Court of Appeals held the writ of prohibition was an appropriate remedy in such a case. *Missouri Pacific*, 606 S.W.2d at 503.

■ A writ of prohibition is preventive, not corrective. *Id.* Employer seeks, by way of a writ of prohibition, a determination of the Commission's jurisdiction prior to the commencement of any formal proceedings. If employer was limited to a remedy by way of appeal, the same issue of jurisdiction would serve as the basis of that appeal before this court following the formal proceedings. *Missouri Pacific*, 606 S.W.2d at 503. The mere availability of an appeal has not been

---

4. The ordinance in question provided "A complaint ... shall be filed within sixty (60) days after the alleged discriminatory practice occurred." *St. Louis–San Francisco Ry.*, 572 S.W.2d at 493. Except for the differing lengths of time, that ordinance's filing requirement is substantially identical to that found in the MHRA.

construed to constitute an adequate remedy at law. *Id.* Relief sought by writ of prohibition was a proper remedy.

The judgment of the circuit court is reversed and the cause remanded with direction that the writ of prohibition be made permanent.

CRANDALL, P.J., and CRIST, J., concur.