STATE of Missouri, ex rel. NATIONAL
SUPER MARKETS, INC., Relator,

v.

The Honorable Phillip J. SWEENEY,
Judge, Circuit Court of St. Louis
County, Missouri, Respondent.

No. 72687.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Aug. 5, 1997.

Ann Hamilton, Ann Marie Piana, St. Louis,
for National Super Markets, Inc.

Leonard P. Cervantes, Frank Carertero,
Cervantes & Associates, St. Louis, for Re-
spondent.

GARY M. GAERTNER, Presiding Judge.

Relator, National Super Markets, Inc.
("National"), filed a writ of prohibition to

prevent respondent from taking further action in the underlying suit filed by Portia Scott (hereinafter "plaintiff") for damages sustained by plaintiff when she slipped and fell on National's premises. Respondent filed suggestions in opposition. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument, and now issue a peremptory writ of prohibition and direct respondent to enter an order of dismissal as provided herein. *See State ex rel. Rodriguez v. Baker,* 927 S.W.2d 961, 962, (Mo.App.E.D.1996).

National, a dissolved Michigan corporation, operated a chain of food stores and was licensed to transact business in Missouri.[1] Plaintiff was a patron of one of the National stores on October 26, 1994, when she slipped on a substance on the floor of an aisle and fell, thereby sustaining injuries requiring chiropractic care.

On September 25, 1995, National dissolved in accordance with the Michigan Business Corporations Act. Pursuant to Michigan law, National sent notices to all of its known claimants informing them of the corporation's dissolution and the procedure they must follow in order to lodge a claim with the company. National sent such notice to plaintiff in a letter dated September 29, 1995. This letter informed plaintiff she must file her claim with National no later than March 29, 1996, or her claim would be barred.

Plaintiff appropriately responded to the notice in a letter dated October 18, 1995. National then rejected plaintiff's claim in a letter dated November 8, 1995, the relevant text being:

> National Super Markets, Inc., is in receipt of your letter in which you express an interest in pursuing a claim against the dissolved corporation. After careful consideration, National has decided to reject your claim. Please be advised that, pursuant to applicable laws, you have ninety (90) days within which to commence a proceeding to enforce the claim against National, or the claim will be barred. This letter is not intended to be a recognition that you have a valid claim against National.

Neither party took further action in the matter until March 25, 1996, when plaintiff sent a letter to National reasserting her claim and offering a settlement. National responded that, because plaintiff had failed to commence a proceeding to enforce her claim within ninety days, her claim was barred. Plaintiff then filed the underlying lawsuit on March 28, 1996.[2] National filed a motion to dismiss the action, which the trial court denied. This request for a writ of prohibition followed.

National argues plaintiff's claim is barred under Michigan law. National claims it was incorporated under the laws of Michigan, and the same governed its dissolution. Moreover, National asserts that, even should Missouri law apply, plaintiff's claim is nonetheless barred. Plaintiff disagrees, however, arguing Missouri law, specifically RSMo section 516.120(4) governing personal injury actions, controls the instant proceeding. We hold plaintiff's claim is barred under both Michigan and Missouri law. We therefore refrain from deciding the choice of law issue raised by the parties, but rather analyze plaintiff's claim under each state's statutory scheme.

■ Generally, the dissolution of a corporation is governed by the laws of the state in which it is domiciled. 19 C.J.S. Corporations section 932; *see Keystone Agency, Inc. v. Herrin,* 585 S.W.2d 313, 314 (Mo.App. W.D. 1979). The Michigan Business Corporations Act contains a statute providing a procedure whereby a dissolved corporation may wind up its affairs, including claims against it. Section 450.1841a M.C.L.A. (Supp.1995) sets forth a two-part procedure for the filing of

---

1. While the record before us does not contain National's license authorizing it to conduct business in Missouri as required by RSMo section 351.572 (1994), this fact is alleged in plaintiff's petition in the underlying suit and will be taken as true for the purposes of this opinion. Hereinafter,

2. Plaintiff originally filed her petition in St. Louis City. However, it appears from the record that venue was transferred to St. Louis County upon National's motion.

claims against a dissolved corporation. Specifically, the provision states:

> Sec. 841a. (1) The dissolved corporation may notify its existing claimants in writing of the dissolution at any time after the effective date of the dissolution. The written notice shall include all of the following:
>
> (a) A description of the information that must be included in the claim....
>
> (b) A mailing address where a claim may be sent.
>
> (c) The deadline, which may not be less than 6 months from the effective date of the written notice, by which the dissolved corporation must receive the claim.
>
> (d) A statement that the claim will be barred if not received by the deadline.
>
> \*     \*     \*     \*     \*     \*
>
> (3) A claim against the dissolved corporation is barred if either of the following applies:
>
> (a) If a claimant who was given written notice under subsection (1) does not deliver the claim to the dissolved corporation by the deadline.
>
> (b) If a claimant whose claim was rejected by a written notice of rejection by the dissolved corporation does not commence a proceeding to enforce the claim within 90 days from the effective date of the written notice of rejection.

■ The parties do not dispute National's compliance with the statute's notification requirements. Rather, plaintiff argues her suit was filed within the March 29, 1996, deadline set forth in National's first notice. However, plaintiff's position misconstrues the statute's requirements and ignores the second step of the procedure: plaintiff filed her claim with the company in her letter dated October 18, 1995. It was only with respect to this initial claim that plaintiff was given until March 29, 1996, to file. The rejection of this claim by National on November 8, 1995, triggered plaintiff's duty to commence a proceeding to enforce her claim within ninety days. This plaintiff failed to do, as she delayed filing her petition until March 28, 1996, 141 days after the date National sent its written notice of rejection. Therefore, plaintiff's claim is barred under Michigan law.

■ Furthermore, plaintiff's contention that Missouri law governs the time for filing does not resuscitate her claim. National is a foreign corporation licensed to do business in Missouri pursuant to the General and Business Corporation Law of Missouri, RSMo sections 351.010–351.935. RSMo sections 351.015(7) and 351.572. As such, it is entitled to the same rights and privileges and is subject to the same duties and liabilities as domestic corporations. RSMo section 351.582. Accordingly, National had to comply with Missouri's corporate dissolution statutes setting forth the procedures for filing claims against dissolved corporations. Specifically, RSMo section 351.478 provides:

> 2. The dissolved corporation shall notify its known claimants in writing of the dissolution at any time after its effective date. The written notice must:
>
> (1) Describe information that must be included in a claim;
>
> (2) Provide a mailing address where a claim may be sent;
>
> (3) State the deadline, which may not be fewer than one hundred eighty days from the effective date of the written notice, by which the dissolved corporation must receive the claim; and
>
> (4) State the claim will be barred if not received by the deadline.
>
> 3. Other rules of law, ... to the contrary notwithstanding, a claim against a corporation dissolved without fraudulent intent is barred:
>
> (1) If a claimant who was given written notice under subsection 2 of this section does not deliver the claim to the dissolved corporation by the deadline;
>
> (2) If a claimant whose claim was rejected by the dissolved corporation does not commence proceedings to enforce the claim within ninety days from the effective date of the rejection notice.

The procedure by which a dissolved corporation settles its affairs with existing claimants under Missouri law is essentially identical to the procedure contained in the Michigan

statute previously discussed.[3] Accordingly, National's actions wherein it notified plaintiff of its dissolution and of plaintiff's remedies satisfied the procedure set forth in RSMo section 351.478, and plaintiff's subsequent failure to comply with the second step of the statutory procedure serves to bar her claim under Missouri's corporate scheme as well.

Finally, we are not persuaded by plaintiff's argument that RSMo section 516.120(4), governing the time for filing negligence actions, controls the instant proceeding. Here, we should note National's assertion that both the Michigan and Missouri statutory provisions are "corporate survival statutes." Generally, statutes relating to the time for bringing an action against a dissolved corporation are not statutes of limitation, but rather are corporate survival statutes intended to extend the life of a dissolved corporation for a certain time and purpose. 19 C.J.S. Corporations section 880; *see State ex rel. Eagle Oil Co. v. Tillman,* 712 S.W.2d 20, 23 (Mo.App. E.D.1986). Such provisions establish when a dissolved corporation ceases to be an entity which can be sued. *Tillman,* 712 S.W.2d at 23.

In *Tillman,* this Court held a plaintiff could not sue a corporation that had dissolved more than two years earlier, where RSMo section 351.565 (1978) specified such suit must be brought within two years of the corporation's expiration. *Id.* at 21. In so deciding, we stated that provision was a corporate survival statute, rather than a statute of limitations. However, in 1990, the Missouri General Assembly amended the corporate statutory scheme, repealing RSMo section 351.565 and replacing it with three separate provisions, including RSMo section 351.478. *See also* RSMo sections 351.476 and 351.482. These provisions differ significantly from their predecessor, as they include detailed procedures with respect to filing claims against dissolved corporations. National asserts these new provisions, at least one of which governs the instant proceeding, are also corporate survival statutes, rather than statutes of limitations. Whether they are corporate survival statutes or statutes of limitations is of no consequence, however, as plaintiff's claim is barred in either case.

First, Missouri's statute expressly states, *"Other rules of law, ... to the contrary notwithstanding,* a claim against a corporation dissolved without fraudulent intent is barred ... [if a claimant whose claim was rejected fails to commence a proceeding within ninety days from the effective date of the rejection notice]." RSMo section 351.478.3 (emphasis added). Thus, the legislature clearly intended the time limits contained in this provision to supersede the general statute of limitation governing similar actions brought against defendants who are not dissolved corporations. Lastly, it is well-settled that statutes must be read in harmony with one another, and that a statute which deals with a subject in general terms will yield to a second statute dealing with the same subject in more detailed fashion. *Shepard Well Drilling v. St. Louis County,* 912 S.W.2d 606, 609 (Mo.App. E.D.1995).

Prohibition is an appropriate remedy to " 'forbear patently unwarranted and expensive litigation, inconvenience and waste of time and talent.' ... Where the issue before the trial court and this court is solely a matter of law, a writ of prohibition is proper to prevent needless litigation." *State ex rel. Conway v. Dowd,* 922 S.W.2d 461, 463 (Mo.App. E.D.1996) (citation omitted). In the instant case, plaintiff failed to timely commence a proceeding to enforce her claim against National, and, therefore, her action is barred under both Michigan and Missouri law. Accordingly, we issue a peremptory writ of prohibition directing respondent to take no further action in the instant proceeding except to enter an order dismissing plaintiff's claim with prejudice.

CRANDALL and RHODES RUSSELL, JJ., concur.

---

3. The version of the statute quoted here was in effect at the time National dissolved. The legislature amended it in 1996 to require that the corporation be authorized to dissolve. *See* RSMo section 351.478 (Cum.Supp.1996).