The Honorable Connie Cierpiot State Representative, District 52 State Capitol Building Jefferson City, MO 65101
Dear Representative Cierpiot:
This opinion is in response to your question asking:
 A reconciliation of Statutes 408.653 (item 2) and 570.120 (item 6) to determine the proper amount of service charge that can be assessed on returned or dishonored checks, drafts, orders or like instruments.
It appears you are concerned about a possible conflict between subsection 2 of Section 408.653, RSMo Supp. 1998, and subsection 6 of Section 570.120, RSMo 1994.
Subsection 2 of Section 408.653, RSMo Supp. 1998, provides:
408.653. Fee limitations, overdrafts. — 
* * *
 2. Any person to whom a check, draft, order or like instrument is tendered may, if such instrument is dishonored or returned unpaid for any reason, charge and collect from the maker or drawer, or the person for whose benefit such instrument was given, the amount of twenty dollars plus an amount equal to the actual charge by the depository institution for the return of each unpaid or dishonored instrument. No such charge will be considered interest, finance charge, time price differential or anything of similar nature for purposes of any statute in this state. [Emphasis added.]
Section 570.120, RSMo 1994, provides, in relevant part:
 570.120. Crime of passing bad checks, penalty — actual notice given, when — administrative handling costs, amount, deposit in fund — use of fund — payroll checks, action, when — service charge may be collected — return of bad check to depositor by financial institution must be on condition that issuer is identifiable. — 1. A person commits the crime of passing a bad check when:
* * *
 5. (1) In addition to all other costs and fees allowed by law, each prosecuting attorney or circuit attorney who takes any action under the provisions of this section shall collect from the issuer in such action an administrative handling cost. The cost shall be five dollars for checks of less than ten dollars, ten dollars for checks of ten dollars but less than one hundred dollars, and twenty-five dollars for checks of one hundred dollars or more. Notwithstanding the provisions of sections 50.525 to 50.745, RSMo, the costs provided for in this subsection shall be deposited by the county treasurer into a separate interest-bearing fund to be expended by the prosecuting attorney or circuit attorney. . . .
 6. Notwithstanding any other provisions of law to the contrary, in addition to the administrative handling costs provided for in subsection 5 of this section, the prosecuting attorney or circuit attorney may, in his discretion, collect from the issuer, in addition to the face amount of the check, a reasonable service charge, which along with the face amount of the check shall be turned over to the party to whom the bad check was issued. If the prosecuting attorney or circuit attorney does not collect the service charge and the face amount of the check, the party to whom the check was issued may collect from the issuer a reasonable service charge along with the face amount of the check. [Emphasis added.]
* * *
For purposes of addressing the relationship between Section570.120.6 and Section 408.653.2, we will consider the situation where a merchant receives a check from a person, deposits the check in the merchant's bank account, and then receives back from the bank the check because the person who wrote the check had insufficient funds. Section 570.120.6 indicates the merchant may collect from the person who wrote the check a "reasonable" service charge along with the face amount of the check. Section 408.653.2 indicates the merchant may collect from the person who wrote the check a service charge "of twenty dollars plus an amount equal to the actual charge by the depository institution" for the return of the check. The possible conflict between Section 570.120.6 and Section 408.653.2 results in your question.
Subsection 6 of Section 570.120 was added to Section 570.120
in 1993. See Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 180, Laws of Missouri, 1993, page 1537. Subsection 6 has remained unchanged since it was added in 1993.
Subsection 2 of Section 408.653 was added to Section 408.653
in 1994. See House Committee Substitute for Senate Bill No. 718, Laws of Missouri, 1994, page 1023. Subsection 2, as initially enacted, is the same as the current version of the subsection except where the word "twenty" appears in the current version, the word "fifteen" appeared in the initial version. The subsection was amended in 1998 to insert the word "twenty" in lieu of the word "fifteen." See House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 852 and 913, Laws of Missouri, 1998, page 1556.
Statutes must be read in harmony with one another, and a statute which deals with a subject in general terms will yield to a second statute dealing with the same subject in more detailed fashion. State ex rel. National Super Markets, Inc. v. Sweeney,949 S.W.2d 289 (Mo.App., E. D. 1997). Section 570.120.6 deals with the subject in general terms, "reasonable service charge," while Section 408.653.2 deals with the subject in a more detailed fashion, "the amount of twenty dollars plus an amount equal to the actual charge by the depository institution."
A chronologically later statute, which functions in a particular way, will prevail over an earlier statute of a more general nature. Lett v. City of St. Louis, 948 S.W.2d 614
(Mo.App., E. D. 1996). Subsection 6 of Section 570.120 was added in 1993 and has not been amended. Subsection 2 of Section 408.653
was initially added in 1994. Section 408.653.2 is the chronologically later statute.
When the legislature amends a statute, the legislature is presumed to have intended the amendment to have some effect or to accomplish some legislative purpose. Bennett v. Director ofRevenue, 889 S.W.2d 166 (Mo.App., W. D. 1994). In 1998, Section408.653.2 was amended to change "fifteen" dollars to "twenty" dollars. The legislature must have intended this change to have some effect.
Following the rules of statutory construction discussed above, we conclude Section 408.653.2, the more detailed statute, enacted later and recently amended, prevails over Section570.120.6 with regard to the amount that may be charged for a returned check. Therefore, under the facts considered, a merchant may collect on an insufficient funds check a maximum service charge of twenty dollars plus an amount equal to the actual charge by the depository institution for the return of the insufficient funds check.
 CONCLUSION
It is the opinion of this office that, notwithstanding subsection 6 of Section 570.120, RSMo 1994, under the facts considered, as provided in subsection 2 of Section 408.653, RSMo Supp. 1998, a merchant may collect on an insufficient funds check a maximum service charge of twenty dollars plus an amount equal to the actual charge by the depository institution for the return of the insufficient funds check.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General