STATE of Missouri ex rel. NATIONAL SUPER MARKETS, INC., Relator/Appellant,

v.

The Honorable David DOWD, Respondent.

No. 75094.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 3, 1999.

Application for Transfer Denied Oct. 26, 1999.

Mark G. Arnold, JoAnn M. Tracy, St. Louis, for appellant.

Ann G. Dalton, Clayton, for respondent.

RHODES RUSSELL, Judge.

National Super Markets, Inc. ("supermarket") appeals the trial court's judgment denying its petition for a writ of prohibition. Supermarket sought to prevent the administrative law judge ("ALJ") from proceeding further on a workers' compensation claim in that the employee's action was untimely filed under the six-month corporate dissolution statute. The trial court refused to issue a permanent writ, reasoning "it must construe the procedures for disposing of claims against dissolved corporations in a manner that does not violate the public policy of compensating employees for job related injuries." The court applied the two-year statute of limitations found in the Missouri Workers' Compensation Act. We reverse and remand to make the writ of prohibition permanent.

John Indelicato ("employee") injured his back while working at supermarket's store in May 1995. Supermarket, a Michigan corporation who was self-insured for workers' compensation purposes, paid him temporary total disability and medical benefits.

The corporation dissolved in September 1995. As part of the winding up process, supermarket notified potential claimants of its dissolution. In a letter, it informed claimants of the procedures they must follow to properly notify supermarket of their claims. The letter further stated the information must be received by supermarket no later than March 29, 1996, which was pursuant to the Michigan corporate dissolution statutes and six months from

the date of the letter. Supermarket maintains it mailed one of these letters to employee, affixed with proper postage, to his last known address. It was never returned to supermarket as undeliverable. Employee alleges he never received the letter.

Employee filed a workers' compensation claim against supermarket on November 15, 1996, nearly eight months after the deadline imposed in supermarket's letter to employee. Supermarket filed a motion to dismiss the claim as untimely under the Michigan six-month corporate dissolution statute. The ALJ denied the motion.

Supermarket then filed a petition for a writ of prohibition in the circuit court, seeking to prevent the ALJ from taking further action on the claim. After the court granted a preliminary writ, supermarket filed a motion for summary judgment. The court denied this motion and refused to make the writ permanent, finding the claim was timely filed pursuant to the two-year statute of limitations in the Missouri Workers' Compensation Act. This appeal followed.

■■■ Appeal to this court is the proper procedure to obtain review when the lower court has preliminarily granted prohibition but has refused to make the order permanent. *Southwestern Bell v. Com'n on Human Rights*, 863 S.W.2d 682, 685 (Mo.App. 1993). A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which application has been made. *State v. Fairness in Const. Bd.*, 960 S.W.2d 507, 511 (Mo.App.1997).

■■■ On appeal, supermarket argues the trial court erred in denying it a permanent writ of prohibition because the ALJ lacked jurisdiction in that claimant's action was untimely under the Michigan six-month corporate dissolution statute. The ALJ counters the trial court did not err in denying the permanent writ because employee's action was timely filed under the two-year statute of limitations of the Missouri Workers' Compensation Act.

■■■ Dissolution of a corporation is governed by the laws of the state in which it is domiciled. *National Super Markets, Inc. v. Sweeney*, 949 S.W.2d 289, 290 (Mo. App.1997). As supermarket incorporated under the laws of Michigan, that state's law governs its dissolution.

Michigan's section 450.1841a M.C.L.A. (Supp.1995) states in pertinent part:

Sec. 841a. (1) The dissolved corporation may notify its existing claimants in writing of the dissolution at any time after the effective date of the dissolution. The written notice shall include all of the following:

(a) A description of the information that must be included in the claim ...

(b) A mailing address where a claim may be sent.

(c) The deadline, which may not be less than 6 months from the effective date of the written notice, by which the dissolved corporation must receive the claim.

(d) A statement that the claim will be barred if not received by the deadline.

\* \* \* \* \* \*

(3) A claim against the dissolved corporation is barred if either of the following applies:

(a) If a claimant who was given written notice under subsection (1) does not deliver the claim to the dissolved corporation by the deadline.

(b) If a claimant whose claim was rejected by a written notice of rejection by the dissolved corporation does not commence a proceeding to enforce the claim within 90 days from the effective date of the written notice of rejection.

■■■ We find the trial court erred in applying the Missouri Workers' Compensation Act's statute of limitations rather

than the Michigan corporate dissolution statute. Statutes relating to the time for bringing an action against a dissolved corporation are not statutes of limitation, but rather corporate survival statutes. *National*, 949 S.W.2d at 292. The distinction between statutes of limitation and survival statutes is that the former affects the time in which a stale claim may be brought, while the latter gives life for a limited time to a right or claim that would have been destroyed entirely but for such statutes. *Martin v. Texas Woman's Hosp., Inc.*, 930 S.W.2d 717, 720 (Tex.App.1996). Survival statutes establish the time period when a dissolved corporation ceases to be an entity that can be sued. *National*, 949 S.W.2d at 292. The procedures in corporate dissolution statutes must be followed when filing claims against dissolved corporations, for in the absence of such statutes, the cause of action does not exist.

Employee argues we must not construe the law in any way that would defeat an employee's right to bring a workers' compensation claim. Employee overlooks the fact there is nothing to construe, as the law is clear. He would not have a cause of action against supermarket, a dissolved corporation, but for the corporate dissolution statutes. Therefore, the procedures in those statutes must be followed when filing any claim against a dissolved corporation.

Employee further argues supermarket received notice of his claim when he filed his earlier claim for temporary disability. Therefore, supermarket obtained the information about his claim contemplated by the corporate dissolution statutes, and he should be allowed to proceed on his claim for permanent disability.

■ Employee's argument is misplaced. The procedures provided in Michigan's corporate dissolution statute apply to claims whose existence is known by a corporation. As such, notice of claims is presupposed. Michigan provides separate procedures and time constraints for unknown claims. See Section 450.1842a M.C.L.A. (Supp.1995). The time constraints for known claims help dissolved corporations wind up their affairs in a defined period of time and in an expeditious and efficient manner.

■ Supermarket states it addressed its letter to employee at his last known address and deposited the letter with proper postage into a United States Mail receptacle. Employee does not dispute these facts; rather, he maintains he never received the letter.

The general notice requirement in the Michigan Business Corporations Act provides in pertinent part:

> When a notice or communication is required or permitted by this act to be given by mail, it shall be mailed, except as otherwise provided in this act, to the person to whom it is directed at the address designated by him for that purpose or, if none is designated, at his last known address. *The notice or communication is given when deposited, with postage thereon prepaid, in a post office or official depository under the exclusive care and custody of the United States postal service.*

Section 450.1143 M.C.L.A. (Supp.1995) (emphasis added).

Under the dictates of this statute, employee was given notice of supermarket's dissolution and the time for filing claims when it deposited the letter in the United States mail with prepaid postage. Actual receipt of the letter was irrelevant.

As there is no dispute employee did not respond to supermarket's letter by the deadline, his claim is barred. The judgment of the trial court is reversed and the cause is remanded to the trial court for the issuance of a permanent writ of prohibition.

MARY K. HOFF, P.J., and GARY M. GAERTNER, J., concur.