Rosina WITTMAN, Plaintiff/Appellant,

v.

NATIONAL SUPERMARKETS, INC.,
Defendant/Respondent.

No. ED 77308.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 14, 2000.

**518**

Lon D. Weaver, East Alton, IL, for appellant.

Ann Marie Piana, Joann Sandifer, St. Louis, for respondent.

MARY RHODES RUSSELL, Judge.

Rosina Wittman ("Claimant") appeals from a judgment entered in favor of National Supermarkets, Inc. ("National") on its motion for summary judgment. Claimant asserts that there was a genuine issue of material fact as to whether she received the required notice from National rejecting her claim, and whether the general statute of limitations for personal injuries or the savings statute was applicable. We affirm in that we find National's rejection was proper, and that corporate survival statutes control over a general statute of limitations and a savings statute.

Claimant alleges that, on September 3, 1993, she fell on National's premises and injured her left hip and lungs. She initially filed suit on March 24, 1995, in the City of St. Louis. The cause was transferred to St. Louis County based upon lack of venue.

On September 25, 1995, National, a Michigan corporation, was dissolved in accordance with the Michigan Business Corporations Act. Pursuant to Michigan corporate dissolution statutes, National notified Claimant and her attorney of the corporate dissolution and the steps to be followed in order to enforce her claim against National. Specifically, National told Claimant that it had to receive her claim before March 29, 1996, or it was barred.

In response, Claimant's attorney, on November 7, 1995, sent National a copy of the petition which had been filed in St. Louis County. National served Claimant with an answer to her petition by mail on May 17, 1996, rejecting the claim.

In April 1997, Claimant voluntarily dismissed the action she had filed in St. Louis County. Thereafter, on July 17, 1997, she re-filed the suit in the City of St. Louis, achieving venue there by naming additional party defendants.

National filed an amended motion to dismiss or, in the alternative, motion for summary judgment, asserting that Claimant did not commence a proceeding to enforce her claim against National within 90 days of her claim being rejected, pursuant to Michigan corporate dissolution statutes. The trial court granted the summary judgment motion, entered judgment in favor of National and against Claimant, and dismissed her petition with prejudice. Claimant timely filed her appeal.

We review the granting of summary judgment in a light most favorable to the non-movant. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is an issue of law and as such, our review is de novo. *Id.* The criteria on appeal for testing the propriety of summary judgment is no different from that employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden on the proponent of summary judgment is to show a right to judgment

flowing from facts about which there is no genuine dispute. *Id.* at 387.

We address Claimant's first and second points on appeal together as they both concern whether National has complied with the Michigan corporate dissolution statutes. Claimant's first point on appeal challenges the granting of summary judgment in that there was a genuine issue of material fact as to whether she received a rejection of claim notice as required by Michigan statute. Her second point questions whether National's answer to her lawsuit's petition constituted a proper rejection under Michigan corporate dissolution law.

■ The laws of the state in which a corporation is domiciled govern its dissolution. *State ex rel. Nat'l Super Markets, Inc. v. Dowd,* 1 S.W.3d 595, 597 (Mo.App. 1999) (citing *State ex rel. Nat'l Super Markets, Inc. v. Sweeney,* 949 S.W.2d 289, 290 (Mo.App.1997)). National was incorporated in Michigan, and therefore, we look to that state's laws.

■ Section 450.1841a M.C.L.A. (Supp.1995) provides in pertinent part:

(3) A claim against the dissolved corporation is barred if either of the following applies:

(a) If a claimant who has given written notice under subsection (1) does not deliver the claim to the dissolved corporation by the deadline.

(b) If a claimant whose claim was rejected by a written notice of rejection by the dissolved corporation does not commence a proceeding to enforce the claim within 90 days from the effective date of the written notice of rejection.

Claimant asserts she never received any letter of rejection and signed an affidavit to that effect. Although Claimant does not dispute that she received an answer to her petition, she asserts it does not constitute a proper rejection of her claim and thus, the 90–day period in which to file her lawsuit never began to run.

Contrary to Claimant's contention, the Michigan statute does not require that the rejection come in the form of a personalized letter. It does not specify the manner of writing. The statute merely requires that the corporation reject the claim by a "written notice." The answer filed in response to Claimant's petition meets the "written notice" requirement as, regardless of its form, it put Claimant on notice of National's denial of liability.

■ Claimant further argues that the answer did not originate from the same person that she initially sent her claim to, and it placed an undue hardship on her to be expected to know that the answer filed by National was a rejection of her claim. We find this argument faulty. While the dissolution letter sent by National was written by one of its representatives, it clearly stated that claims were to be made to "National" and may be rejected by "National." There is no statutory requirement that any specific representative of the company issue the rejection. We find that the answer filed by the representative from National promptly gave notice to Claimant that National was rejecting her claim. From that date, she had 90 days in which to commence a proceeding to enforce her claim. Points one and two are denied.

■ Claimant's third point on appeal asserts that the trial court erred in holding that section 516.120 RSMo 1994,[1] the five year statute of limitations for personal injury actions, and section 516.230, the savings statute, did not apply to the suit filed in the City of St. Louis in July 1997. Section 516.230 allows a plaintiff, who voluntarily dismisses a cause of action without prejudice, to re-file the action within one year after the dismissal. Claimant asserts that the trial court erred in holding that the Michigan corporate survival statute, which provides for a 90–day period in

---

1. All further statutory references are to RSMo 1994.

which to bring a proceeding against a dissolved corporation, was not tolled by the savings statute or the statute of limitations.

Claimant's first suit, filed on March 24, 1995, in St. Louis County, was timely filed as to all of the above-mentioned statutes. Claimant, however, voluntarily dismissed this action and re-filed it in the City of St. Louis in July 1997, 14 months after National's written rejection of her claim, and long after the Michigan statute requirement of 90 days in which to bring a claim against a dissolved corporation.

Claimant argues that the provisions of the Missouri statute of limitations govern as her first lawsuit was timely filed in compliance with the 90–day Michigan corporate survival statute. This argument is without merit.

First, this Court has ruled that procedures in corporate survival statutes must be followed when filing claims against dissolved corporations, for in the absence of such statutes, the cause of action does not exist. *State ex rel. Nat'l Super Markets, Inc. v. Dowd*, 1 S.W.3d 595, 598 (Mo.App.1999). The distinction between a statute of limitations and a survival statute is that the former affects the time in which a stale claim may be brought, while the latter gives life for a limited time to a right or claim that could otherwise not be brought because a dissolved corporation is not an entity that can be sued. *Id.*

Second, Claimant's voluntary dismissal of the first action under Rule 67.01 and later re-filing of it does not cure her timeliness problems. Rule 67.01 provides, "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred."

A voluntary dismissal without prejudice renders that cause of action a nullity; it is treated as never having been filed. *State ex rel. Consumer Programs Inc. v. Dowd*, 941 S.W.2d 716, 717 (Mo. App.1997). When Claimant voluntarily dismissed her first lawsuit, it ceased to exist for purposes of satisfying the corporate survival statute. Claimant's second suit was time-barred pursuant to the corporate survival statutes as it was filed more than 90 days after National's rejection of her claim. Rule 67.01 does not support the re-filing of this otherwise untimely suit.

Claimant cites to *Cady v. Harlan*, 442 S.W.2d 517 (Mo.1969), as being instructive on the issues presented here. In *Cady*, the plaintiff filed his first law suit within the statute of limitations period and voluntarily dismissed it; re-filed his second suit within the limitations period and the savings period and voluntarily dismissed it; and then re-filed his third lawsuit within the savings period, but not within the applicable statute of limitations period. *Id.* at 518. The Missouri Supreme Court held that the savings statute applied to all of the suits filed by plaintiff, as long as they were filed within the original period of limitation. *Id.* at 519. Since plaintiff's third suit was not filed within the statute of limitations period, it was barred.

Claimant argues that since her second suit was within the five-year statute of limitations for personal injury actions, the savings statute rescues the second suit as it was filed within the one-year savings period. This argument overlooks our holding in *State ex rel. Nat'l Super Markets, Inc. v. Dowd* that a corporate survival statute, not a general statute of limitations, is applicable in corporate dissolution cases. *Dowd*, 1 S.W.3d at 598. As Michigan corporate survival statutes require that lawsuits enforcing claims be filed within 90 days of a claim's rejection, Claimant's second suit was not timely filed. Point three is denied.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., P.J., and RICHARD B. TEITELMAN, J., concur.